## LOUIS C. TOLLES v. CHARLES T. MEYERS.

FILED JULY 22, 1902. No. 11,930.

Commissioner's opinion, Department No. 3.

1. **Stallion: MARE: SERVICE: NEGLIGENCE: KILLING OF MARE: MANNER OF KILLING: MOTION TO MAKE MORE DEFINITE.** The petition charged in effect, that through the negligence of the defendant, a stallion belonging to him, and to which defendant had undertaken to breed plaintiff's mare, in pursuance of an agreement between the parties, killed the mare. *Held,* That a motion to require the plaintiff to state the manner in which the mare was killed should have been sustained.

2. **Juror: OPINION OF PARTY.** That a juror has a good opinion of one of the parties to an action, is not a ground for a challenge for cause.

ERROR from the district court for Cedar county. Tried below before GRAVES, J. *Reversed.*

*Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for plaintiff in error:

The court erred in overruling defendant's motion to require plaintiff to make his petition more definite, specific and certain, in that he be required to set out in what manner the stallion killed the mare.

Section 125 of the Code of Civil Procedure provides: "And when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

There is absolutely nothing in the petition to apprise defendant in what manner the stallion killed the mare. It does not state whether the stallion accomplished this feat by kicking, biting or by knocking her down and trampling her to death, or whether the death was caused

by the stallion in properly or improperly serving the mare. Nowhere in the petition is there any allegation that even hints at the manner of killing, but it is left for defendant to inquire of third parties in what manner the mare met her death. It stands to reason that if the court had sustained the motion to make definite and certain, and that plaintiff had then set out that the death of the mare was caused by the stallion in making the entry into the rectum instead of the vagina, the defendant could have prepared his defense, which would undoubtedly have been that the death of the mare was in no way attributable to the entry into the rectum. Defendant was compelled to go into court ignorant of one of the most important parts of his case and fight his case as plaintiff showed his hand. As it was, defendant had to depend upon the inspiration of the moment to meet plaintiff's testimony. That the action of the court in overruling the motion to make definite and certain was highly prejudicial to the rights of defendant, can not for a moment be doubted.

In *Stevenson v. Anderson,* 12 Nebr., 83, 85, speaking of the provisions of section 125 of the Code of Civil Procedure, this court has said: "This provision is, of course, for the benefit and protection of defendants and plaintiffs alike, and to enable them to know just what is demanded by the opposite party, and it should be enforced in all proper cases. Where, however, the party against whom a claim is made, is already so fully advised by the pleading of its nature as to be able to answer it intelligently, there is no reason for resorting to it."

The object of the motion to make definite and certain which was filed by defendant was to be fully advised by the petition as to the nature of the claim against him, so as to be able to answer it intelligently, and not be compelled to go into court, as he was, uncertain of the nature of the claim against him. It can not be supposed for a moment that if the petition had stated that the death of the mare was due to a wrong entry, that defendant would have filed the motion to make definite and certain, but the

52

express purpose of that motion was to fully advise defendant as to that particular point and without which information he could not answer intelligently.

This court has laid down the following rule: "That unless the motion can be allowed in the exact form presented to the court it will be denied." *McDuffie v. Bentley,* 27 Nebr., 380, 384.

The motion in that case was one to require defendant to make his answer more specific, and to state in what manner he informed the plaintiff of the defects in the notes in controversy. The court said that in that case it did not appear to be important to disclose in what manner this information was conveyed, but that if the motion had been limited to a rule requiring the defendant to state in his answer, definitely, that he informed the plaintiff, before the purchase and delivery of the note, of the identical defect charged against the note in controversy, then the court said it would be inclined to hold that the motion should have been allowed.

The petition in the case at bar claims that the death of the mare was caused by the negligence, carelessness and incapacity of Earl Tolles in not properly handling the stallion, but nowhere in the petition does it set out in what respect the said Earl Tolles was negligent or careless in handling the stallion, nor in what manner the stallion killed the mare. The defendant had no other means than by a motion to make definite and certain, of learning the manner of the death of the mare. The manner in which the mare met her death was a fact peculiarly within the personal knowledge of plaintiff, and the court should have sustained the motion to make more definite and certain. It is apparent from the reading of this motion that the court could have allowed it in the exact form in which it was presented.

*James C. Robinson* and *Frank P. Voter, contra:*

We think a careful reading of the petition will convince this court that its allegations are sufficient to advise the

plaintiff in error not only as to the exact character of the
negligence charged, but also as to the manner in which the
mare was killed.  See petition, pp. 4 and 5 of transcript,
and especially paragraph 4 thereof.  This paragraph, we
submit, charges in effect that the killing of the mare was
the result of the careless and negligent manner in which
the stallion was permitted to serve her; and this is suffi-
cient.  But if the petition were indefinite on this point, it
does not appear that plaintiff in error was in any manner
prejudiced by the ruling of the court on his motion.  Coun-
sel for plaintiff in error have not cited any authority, and
we think none can be found, in support of the proposition
that a refusal to sustain such a motion would, in any case,
be reversible error; and in the only case referred to, *Mc-
Duffie v. Bentley,* 27 Nebr., 380, 384, COBB, J., says that he
does not know of any such authority in this state.

In addition to this the plaintiff in error could not have
been ignorant of the matter referred to in the motion, be-
cause it appears from the record that the action was orig-
inally commenced in justice court.  See cross-examination
of defendant in error as to commencement of suit, bill of
exceptions, p. 13, and cross-examination of witness Tolles,
in justice court, as to counting number of mares, bill of
exceptions, p. 16; and it also appears that the defendant
in error recovered judgment in the district court for his
costs, which he could not have done if the action had been
originally brought in that court.

The cause was argued orally by *Hagelin* for plaintiff in
error:

The court erred in not sustaining defendant's motion
to make the petition more definite, certain and specific.

The petition does not disclose the manner in which the
stallion killed the mare.  The allegations of the petition
are indefinite and uncertain in that respect.  Code of Civil
Procedure, sec. 125.

The object of the motion was to fully advise defendant
as to the nature of the claim against him, so that he would

be able to answer it intelligently, and not be compelled to go into court uncertain of the nature of the charge against him. He was not advised by the pleading as to the nature of the charge against him. *Stevenson v. Anderson*, 12 Nebr., 85.

The motion could have been allowed in the exact form presented to the court, and it was error to overrule the same. *McDuffie v. Bently*, 27 Nebr., 384.

The court should have permitted the juror to answer the question propounded to him on his voir-dire examination. *Monaghan v. Agricultural Fire Ins. Co.*, 18 N. W. Rep. [Mich.], 797; 1 Thompson, Trials, sec. 102; *Basye v. State*, 45 Nebr., 261.

ALBERT, C.

This action was brought by Charles T. Meyers against Louis C. Tolles to recover damages for the loss of a mare, alleged to have been occasioned by the negligence of the defendant. The petition, after alleging plaintiff's ownership of the mare, and a contract between the plaintiff and the defendant for breeding the mare to a stallion belonging to the defendant, charges negligence, and the consequent loss of the mare, in the following language: "That on said day, the said Earl Tolles, while in the service and under the instructions of the defendant, undertook to allow said stallion to serve said mare and to breed said mare to said stallion, and on account of the want of skill, negligence and incapacity of the said Earl Tolles in performing the service aforesaid, and by reason of his carelessness, negligence and incapacity in allowing said stallion to serve said mare and in breeding said mare to said stallion, the said stallion was carelessly and negligently permitted to kill and he did then and there and thereby kill said mare to the loss and damage of the plaintiff in the sum of $19." The defendant asked the court to require the plaintiff to make his petition more definite and certain, in that he should be required to state in what manner the stallion killed the mare. The motion was overruled, and the de-

fendant filed what, for present purposes, may be called a general denial. There was a verdict and judgment for the plaintiff. The defendant brings error.

The principal complaint is that the court erred in overruling the motion to make the petition more definite and certain. We believe the complaint is well founded. Under the Code, the office of a pleading is to apprise the adverse party of the nature of the cause of action or defense of his adversary, in order that he may be prepared to meet it. There are many ways by which a stallion might possibly kill a mare, and it was manifestly unfair to leave the defendant in the dark as to which of such ways he would be required to negative in making out his defense. The plaintiff insists that the defendant was not in the dark in this regard, because the case had been tried once before a justice of the peace. But we are not advised as to the manner in which it was claimed before the justice the mare was killed. Perhaps one of the objects of the motion was to enable the defendant to confine the plaintiff to the issues made before the justice. There is no doubt in our minds that the overruling of the motion was prejudicial error. As bearing on this point, see *McDuffie v. Bentley*, 27 Nebr., 380, 384.

The defendant complains of a ruling of the court sustaining an objection to the following question, propounded to a juror under examination for cause: "Well, now to change your opinion in regard to Mr. Robinson, and his judgment on a matter, it would take good evidence, wouldn't it?" Mr. Robinson was attorney for the plaintiff, and the juror had already expressed his respect for him and for his judgment. There was no error in the ruling. It will be taken for granted that a reasonable man will not change his opinion of another without what appears to him good reason. The most that could have been expected from the question was to show the juror had a good opinion of the attorney of the adverse party. Cases of that kind are far from unusual, and afford no good ground for challenge. *Hutchinson v. State*, 19 Nebr., 262.

Tolles v. Meyers.

Other questions are discussed, but they are such as are fully settled by the adjudications of this court, or not likely to arise in another trial. It would serve no useful purpose to discuss them here.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.