BELLE ROBERTSON V. JOSEPH B. BROOKS ET AL.

FILED SEPTEMBER 18, 1902.    No. 12,134.

Commissioner's opinion, Department No. 3.

1. **Foreclosure: FIRST MORTGAGE: SECOND MORTGAGE: SERVICE BY PUBLICATION: SALE: SURPLUS: LIEN-HOLDER: OWNER OF EQUITY OF REDEMPTION.** On foreclosure of a first mortgage a second mortgagee was made a party and served by publication only. She did not appear in the action, and the decree barred her equity of redemption. On a sale under the decree there remained a surplus after paying the costs and the amount found due on the first mortgage. *Held,* following *Moss v. Robertson*, 56 Nebr., 744, that the lien of the second mortgage was transferred from the land to the surplus, and that the holder of the second mortgage was entitled to such surplus as against the owner of the equity of redemption.

2. **Second Mortgagee: LIEN ON SURPLUS: JUDICIAL DETERMINATION: CONVERSION: LIMITATION.** Under the facts above stated, while the second mortgagee had a lien on the surplus, her right to demand possession thereof did not accrue until her mortgage was foreclosed and the amount due thereon judicially determined, and the statute of limitations would not commence to run in favor of those who had wrongfully converted the fund until such foreclosure was had.

ERROR from the district court for Pawnee county. Tried below before LETTON, J. *Reversed.*

*John B. Raper,* for plaintiff in error.

*Story & Story, contra.*

DUFFIE, C.

The plaintiff in error brought this action in the district court for Pawnee county to recover from Joseph B. Brooks, clerk of the district court for said county, and the other defendants, certain moneys paid to Brooks by the sheriff, being the surplus arising from a sale of real estate made on mortgage foreclosure, and upon which the plaintiff had a lien by virtue of a second mortgage. Brooks, the clerk, paid the money to Story Bros., attorneys for the defendant Moss, the owner of the equity of redemption of the mortgaged premises, and these attorneys paid over the money to their client. Moss made default, and judgment was entered against him for the full amount claimed. Brooks and Story Bros. answered, setting up, among other defenses, the statute of limitations, and judgment was entered in their favor dismissing the plaintiff's petition. The plaintiff filed a motion for a new trial, which the uncontradicted evidence discloses was filed with the clerk at 4:30 o'clock on the afternoon of June 22, 1900, and the same evidence discloses that the court had adjourned at 1 o'clock P. M. of the same day. A motion was made to strike the motion for a new trial from the files, which was overruled by the court, to which the defendants took an exception, and prepared and had allowed a bill of exceptions, which is presented in the record in this case. Section 316 of the Code of Civil Procedure provides that "the application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within

three days after the verdict or decision was rendered, unless unavoidably prevented." There is nothing in the motion disclosing a reason for a delay beyond the term in filing it, and for this reason the court erred in not striking the same from the files or overruling the same as not being filed during the term. In *Nelson v. Farmland Security Co.*, 58 Nebr., 604, a special term of the district court was convened in Dawes county on the 27th of September, 1898. The term adjourned the same day. A motion for a new trial in a case disposed of during the term was filed on the 29th of September, 1898. This court held that the motion should either be stricken from the files, or overruled as being filed out of time.

Because the motion was not filed during the term, and no excuse shown for the delay, we can examine only the third assignment of error, which is as follows: "Because the pleadings show that plaintiff is entitled to recover against the defendants in error and each of them." If the plaintiff's petition states a cause of action, and the answer of the defendants fails to set forth facts constituting a defense, judgment should have gone for the plaintiff upon the pleadings, and a motion for a new trial was unnecessary to raise the question in this court. A brief statement of the facts alleged in the plaintiff's petition is the following: Prior to February 8, 1892, Belle Robertson was the owner of lots 1 and 2, block 10, in the village of Du Bois, and had made a mortgage thereon to one James M. Storm. Afterward she sold the lots to Melissa E. and Isaac E. Groom, who made to her a second mortgage thereon to secure a part of the purchase price. Thereafter, and on February 8, 1892, Storm commenced an action to foreclose his mortgage, making Belle Robertson, J. H. Robertson, Melissa E. Groom, Isaac E. Groom, and other parties, defendants thereto. Pending this action Groom sold the lots to Randolph Moss, one of the defendants. In his petition of foreclosure Storm alleged that Belle Robertson was the owner of a mortgage upon the premises, the amount of which was unknown. Service of summons in that action

58

was had on Mrs. Robertson by publication, she apparently having removed from the state after her sale of the lots to Groom. A decree of foreclosure was entered on April 29, 1892, and a sale of the mortgaged premises ordered, with directions to the sheriff to bring the proceeds of the sale into court. Mrs. Robertson did not appear in the action but made default. The lots were sold for more than sufficient to satisfy the plaintiff's mortgage, leaving a surplus, which is the subject of this controversy. Pursuant to the order of the court made in its decree of foreclosure, this surplus was paid by the sheriff to the clerk, Brooks, who, on the 25th of April, 1893, without any order from the court, paid the same over to Story & Story, attorneys for Moss, he claiming the right thereto as the owner of the equity. Afterward, and on the 14th of September, 1893, Mrs. Robertson applied to the court to have the decree of foreclosure opened, and to be let in to foreclose her mortgage. The court granted said application, and on April 13, 1895, rendered a decree that she have and recover the sum of $229.25, the surplus from the sale remaining after paying the Storm mortgage. Moss applied and was allowed to become a party defendant in this proceeding, and he took an appeal from the decree entered. A full statement of the facts, together with the opinion of the court affirming the decree, will be found in the 56th volume of the Nebraska reports. See *Moss v. Robertson,* page 774. The defendants, in their answer, did not deny any of the facts above set out, but they seek to avoid liability upon the ground that by her failure to appear in the Storm foreclosure suit and assert her rights under her mortgage, Mrs. Robertson was barred and foreclosed, not only of all interest in the mortgaged premises, but in any surplus that might remain after satisfaction of the Storm mortgage. This court held to the contrary on the appeal above referred to. *Moss v. Robertson, supra.* They also allege that it was the custom of the district court for Pawnee county to pay to the owner of the equity any surplus remaining from a sale of the mortgaged premises. They

further allege that the payment of the surplus by the sheriff to the clerk was made, not as a payment into court, but that the clerk, in receiving said money, acted only as the agent of the sheriff, and that he did not hold the money in his official capacity. They further plead the statute of limitations, alleging that Brooks paid the money to Moss, or to Story & Story, his attorneys, on the 25th day of April, 1893, while this action was not commenced until the 12th of April, 1899. On the appeal in *Moss v. Robertson, supra,* it was held that "upon the sale of the land under the lien of the prior mortgage the lien of the junior mortgage was shifted from the land to the surplus of the proceeds after satisfaction of the amount of the mortgage," and that "the second mortgagee will take a surplus of the proceeds of a sale under the first mortgage in preference to the mortgagor." This is undoubtedly the correct rule. By being made a party to the foreclosure of the Storm mortgage, Mrs. Robertson was barred and foreclosed of all interest in the land, and the lien of her mortgage was shifted from the land to any surplus that might remain after satisfying that mortgage. This, however, did not entitle her to the money without an order or decree of court. Until the amount due upon her mortgage was ascertained in some proper proceeding, she could no more assert a claim to the surplus remaining in court than she could to the land itself before foreclosure proceedings had and sale made. Her right to this surplus had to be determined by the court, and her right to maintain an action for its possession or its conversion could date only from the date of the order of the court awarding it to her. This being so, the statute of limitations would not commence to run until her right to the fund was established, and, as we have seen, the decree of court awarding her this fund was passed April 13, 1895, while action was commenced on the 12th of April, 1899, and the bar of the statute had not interposed to defeat her claim.

We do not think it necessary to inquire whether the **clerk** received this money from the sheriff in his official

capacity or as agent for the sheriff. If he received it in his official capacity as clerk of the district court, he and his bondsmen would be liable for a wrongful disbursement of the fund, and such action would not be barred under ten years. If he received it as agent of the sheriff, and paid it to the wrong party, we think that under the authority of *Cook v. Monroe,* 45 Nebr., 349, he is also liable. In that case it was held that "one who interferes with personal property not his own, at the instance and request or by the authority of another who is not the owner of the property or authorized to act, is a wrongdoer and, as such, liable to the owner of the property for his wrongful act." In the present case even the plea of innocence and ignorance of the plaintiff's rights is not interposed. All the defendants undoubtedly had knowledge of Mrs. Robertson's mortgage. Having knowledge of her mortgage, they are charged with knowledge of the law which made her mortgage a lien upon the fund which they paid over to Moss, and are liable for the damages which she has suffered on account of their interference with and disposition of that fund.

The judgment of the district court is erroneous, and we recommend that it be reversed and the case remanded, with directions to enter a judgment in favor of the plaintiff against all the defendants for the sum of $229.25, with interest at seven per cent. from April 13, 1895, together with the costs of this action.

AMES AND ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the case remanded, with directions to enter a judgment in favor of the plaintiff against all the defendants for the sum of $229.25, with interest at seven per cent. from April 13, 1895, together with the costs of this action.

REVERSED AND REMANDED.