JOSEPH A. WEST, Plaintiff, v. L. W. SHURTLIFF,
Respondent, and ANDERS LARSEN and UTAH
LOAN & TRUST COMPANY, a Corporation, De-
fendants; MARIA LARSEN, Appellant.

### No. 1553.    (79 Pac. 180.)

**Mortgages: Secured Notes: Ownership: Foreclosure: Parties:
Pleading: Cross-Complaint: Issues: Judgment.**

Defendant S. having given eight notes secured by a mortgage on
real estate, plaintiff, as assignee of the mortgage and six
of the notes, brought suit to foreclose, in which he made
L. a party defendant, alleging that he held two of the notes,
but that L. denied that he was the owner thereof, and
claimed that they belonged to defendant trust company,
also made a party to determine such conflicting claim. L.
answered, denying that he owned either of the notes, and
asked to be dismissed with costs. *Held*, that L. having
failed to file a cross-complaint demanding affirmative relief,
as authorized by Revised Statutes 1898, section 2974, the
court, on determining that he was the owner of the other
two notes, had no jurisdiction to render judgment in his
favor against the mortgagor.

### (Decided December 31, 1904.)

Appeal from the Second District Court, Weber
County.—*Hon. H. H. Rolapp*, Judge.

In an action by West against Shurtliff and others
the defendant Shurtliff filed a supplemental petition to
set aside a judgment against him and in favor of his co-
defendant Larsen. From a judgment granting the re-
lief prayed for Maria A. Larsen, sole legatee of the de-
fendant Larsen, deceased, appealed.

AFFIRMED.

28 Utah—22

*Thomas Maloney, Esq.,* and *James N. Kimball, Esq.,* for appellant.

This record clearly shows that plaintiff West alleged that either Anders Larsen or the Utah Loan & Trust Company, both defendants in said case No. 711 was the owner and holder of said two notes. Defendant Shurtliff never denied this allegation. On this pleading the case was tried and judgment was entered in favor of Anders Larsen on said two notes numbered 4 and 8.

"It is the settled law of the court of chancery that a decree may be made between codefendants grounded upon the pleadings and proof between the complainant and codefendants and founded upon and connected with the subject-matter in litigation between complainant and one or more of the defendants." Ingram v. Smith, 1 Head (Tenn.) 411; Allen v. Baugus, 1 Swan (Tenn.) 404; Railroad v. Rainey, 7 Coldw. (Tenn.) 420; Keeling v Heard, 3 Head (Tenn.) 592, 593.

It is an old and well-settled rule of chancery practice that a court of chancery may and should settle and adjust all the rights and equities between all the parties to the suit.

"In chancery all the parties being before the court it is competent for the chancellor, regardless of their attitude as plaintiffs or defendants upon the record, so to mould his decree as to make a final disposition of the cause embracing the entire subject-matter and rights of all the parties having an interest in the suit." Allen v. Baugus, 1 Swan (Tenn.) 404.

"A decree between codefendants may be made grounded upon the pleadings and proof between the complainants and defendants, but such decree to be binding, must be founded upon and connected with the subject matter in litigation between the complainant and one or more of the defendants." Elliott v. Pell, 1 Paige 263.

Under the pleadings in this cause the court was required to fix the ownership of the said two notes Nos.

4 and 8 and to render judgment thereon in favor of such owner. Nowhere in the record does Shurtliff make any objection to the court so doing.

"Where a case is made out between codefendants by evidence arising from pleadings and proofs between plaintiffs and defendants, a court of equity is not only entitled to make a decree between the defendants, but is bound to do so." Desty's note to Elliott v. Pell, 2 Law. Coop. Ed. (N. Y. Chy.) 640; Vanderveer v. Holcomb, 17 N. J. Eq. 90-550; Shannon v. Marselis, 1 N. J. Eq. 413; Ames v. N. J. Franklinite Co., 12 N. J. Eq. 66.

In the case at bar there was pleading and proof between plaintiff West and defendants Anders Larsen and the Utah Loan and Trust Company as to the ownership of the two notes on which this judgment is based. Shurtliff never at any time denied his liability on the two notes. Never did he anywhere deny that Larsen was the owner and holder of the said two notes. This being true the rule is well stated by Mr. Desty in note ante.

"A decree between codefendants can only be based upon the pleadings and proofs between the complainant and defendants, and no decree can be made between codefendants founded upon matters not stated in the bill or in litigation between the defendants or some of them." Vance v. Evans, 11 W. Va. 370; Jones v. Grant, 10 Paige 348; Tripp v. Vincent, 3 Barb. Ch. 613.

It is competent for the court upon the pleadings and proofs to make a decree determining and establishing the rights and interests of each of the parties without the necessity of a cross-bill or other proceeding for affirmative relief. Thurston v. Prentiss, 1 Mich. 198; Jones v. Grant, 10 Paige 350; Waldo v. Waldo, 52 Mich. 93.

"It is the constant practice of courts of equity to do so to prevent multiplicity of suits." Thurston v. Prentiss, 1 Mich. 198. "A judgment will not be set aside and proceedings thereon enjoined in equity if the

owner of the judgment has a valid claim to which there is no defense." Gerrich v. Hunt, 66 Iowa 682.

Has not the appellant a good and valid claim? Did not justice McCarty render a judgment in favor of her husband on the two notes?

"A court of equity will not set aside a judgment on the ground that it is void for want of jurisdiction, where it appears that the indebtedness sued on was a valid one and no offer is made to pay the amount justly due." Parsons v. Nutting, 45 Iowa 404.

Did not Justice McCarty decide that the indebtedness, the two notes sued on, a valid indebtedness? Did Shurtliff ever deny the validity of the two notes, or that he had ever paid the deficit judgment $2738.75? Never! Yet he wants this court to vacate and set aside Mrs. Larsen's judgment! "Before a party should be permitted to have a judgment set aside on his application he should show that it was unjust." Piggott v. Addicks, 3 Green. 427.

Shurtliff has never yet claimed that this judgment was in any way unjust. "No showing of defense to the action in which the judgment was obtained being made the judgment should not be set aside." Russell v. Pottawottamie County, 29 Iowa 256.

Does Shurtliff show any such defense in his petition, or did he show any in his answer in the original suit? The respondent Shurtliff is not entitled to any equitable relief while he admits now, and in the original case admitted, the indebtedness as shown by the two notes on which Mr. Larsen's judgment is based. Logan v. Hillegass, 16 Cal. 202; Quinn v. Wetherbee, 41 Cal. 247; Peterson v. Weissbein, 65 Cal. 45.

*T. D. Johnson Esq.,* for respondent.

The answer to the entire argument and citations of counsel is, that this is not an action in equity to set aside a judgment for fraud, or mistake, or because it has been paid, nor for any other imaginable cause. It is a peti-

tion filed as a supplemental proceeding in the main case to set aside this deficiency judgment against respondent because the trial court was without juridiction to make it, and it is null and void.

It was conceded at the hearing in the lower court that the trial court had the power to set aside the judgment if null and void, and it will doutless be admitted in this court. Such is undoubtedly the law. Black on Judgments, sections 297, 303, 307; People v. Greene, 74 Cal. 400; Hanson v. Hanson, 20 Pac 736; Bank v. Grimes, 26 Pac. 56; 12 Enc. Law (1 Ed.), p. 127.

If then the trial court had the jurisdiction to set aside this deficiency judgment if null and void, the final determining question in the case is: Did the trial court in the original case have jurisdiction to render the judgment complained of? Is this deficiency judgment null and void? What are the essential requisites to the validity of a judgment in any case?

First—There must be sufficient pleadings; the court must have jurisdiction of the question it decides. Black on Judgments, secs. 184, 241, 242; Young v. Rosenbaum, 39 Cal. 653; Becket v. Cumin, 25 Pac. 167; Vandenburgh v. New York, 5 N. Y. Sup. 664; Marks v. Taylor, 23 U. 470; Little v. Giles, 42 N. W. 1044; Lincoln v. Virgin, 55 N. W. 218; Strobe v. Downer, 13 Wis. 11; Lewis v. Smith, 9 N. Y. 502.

Second—The defendant must have notice of the claim made against him; he must have his day in court; the court must have jurisdiction of the person of the defendant, for the purpose for which it gives judgment. Black on Judgments, sec. 219; Land Co. v. Leavenworth, 60 N. W. 954.

In addition to the foregoing authorities we have the positive provisions of our statute covering the matter of pleadings and summons. Section 2974, Revised Statute provides the only method known to our law by which a defendant may recover against his codefendant.

STEWART, District Judge.—On the 18th day of October, 1902, L. W. Shurtliff, respondent herein, filed a supplemental petition in the above-entitled cause, wherein he sought to be relieved from a judgment theretofore made and entered against him in favor of his codefendant Anders Larsen, now deceased, of whom appellant, Maria Larsen, is the sole legatee. The petition of said Shurtliff alleged that by inadvertence and mistake of the trial court a personal judgment had been obtained against him in favor of said Anders Larsen upon the foreclosure of a certain mortgage, and a deficency judgment docketed against him in favor of said Larsen in the sum of $2,738. 75. Upon the hearing the trial court granted the order, vacating and setting aside said deficiency judgment, and directing the clerk to cancel the docket entry thereof; from which judgment and order said Maria Larsen appeals.

A brief statement of the record upon which said judgment and order were made is as follows: Respondent, Shurtliff, had given eight promissory notes to the Utah Loan & Trust Company, secured by a mortgage upon real estate. Joseph A. West, as assignee of said mortgage and six of said notes, brought the main action herein to foreclose said mortgage. He made said Anders Larsen a party defendant, alleging that he (Larsen) held two of said eight notes, and was a necessary party, and also alleging that said Larsen denied that he (Larsen) owned said two notes, but claimed that said two notes belonged to the Utah Loan & Trust Company, and by reason of that dispute plaintiff, West, made the Utah Loan & Trust Company a defendant also, and demanded that said defendants Larsen and Utah Loan & Trust Company be required to show to the court whether in fact they, or either of them, owned said notes Nos. 4 and 8, respectively, and, if so, that the court determine the ownership of said two notes as between said codefendants. The defendant Larsen answered said complaint, and denied that he was the owner of said notes, or either of them, and asked that

he be dismissed at plaintiff's cost. The defendant
Shurtliff answered, denying the assignment of the six
notes and mortgage to West. No denial appears to have
been made by Shurtliff as to the ownership of either
of the two notes. Upon this state of the pleadings and
of the proof offered the court found that the two notes,
aggregating $2,738.75, belonged to the defendant Lar-
sen, and judgment was given in his favor and against
respondent Shurtliff, for the foreclosure of said mort-
gage and the docketing of any deficiency judgment re-
turned by the sheriff after sale in favor of said Larsen
against respondent.

The main question for the court to determine upon
this appeal is whether the nisi prius court in the orig-
inal case had jurisdiction under the pleadings to render
judgment in favor of defendant Larsen against his co-
defendant, Shurtliff, the said defendant Larsen not
having filed nor served any cross-complaint, nor filed
any pleading in the case asking for affirmative relief,
but, on the contrary, only having filed an answer
duly verified, disclaiming any interest in the notes or
mortgage in question, and demanding to be dismissed
with his costs. Section 2974 of our Revised Statutes of
1898 provides that: "When a defendant has a cause
of action affecting the subject matter of the action
against a co-defendant, he may, in the same action, file
a cross-complaint against the codefendant. The defend-
ant thereto may be served as in other cases, and defense
thereto shall be made in the manner prescribed in the
original complaint." Under the above provisions, in
order to have obtained a judgment in his favor against
respondent, defendant, Larsen should have filed a cross-
complaint or demanded affirmative relief, making
proper service. A number of authorities have been
cited by the learned counsel for the appellant relative
to the power of courts to establish and determine the
respective interests of each party to the suit; but the
authorities almost uniformly hold that a decree between
codefendants can only be based upon the pleadings and

proof. Black on Judgments, section 184, we think, states the correct rule as follows. "It is not anough that the parties are properly in court. That does not give the tribunal power to adjudicate any and all matters of difference between them. When we speak of jurisdiction of the subject-matter, we do not mean merely cognizance of the general class of actions to which the action in question belongs, but we also mean legal power to pass upon and decide the particular contention which the judgment assumes to settle, and how can a court acquire jurisdiction of the particular contention except it be clearly marked out and precisely defined by the pleadings of the parties? And how can that be done in any mode known to the law save by the formation of a regular issue? There is therefore plausible grounds for holding that, if the record fails to show an issue to be determined, the judgment will be void on its face." Persons by becoming suitors do not place themselves for all purposes under the control of the court. It is only over those particular interests which they choose to bring in issue by proper pleadings that the power of jurisdiction arises.

Appellant contends that the findings and decree of foreclosure in the original case made and entered by the trial court in favor of said Larsen are amply supported by the failure of said Shurtliff to deny the ownership of said notes. We think this contention is untenable. The mere fact that said Larsen was a codefendant in the action would not of itself give the court jurisdiction to enter judgment in his favor against the codefendant when he had not sought relief and expressly demanded to be dismissed. It is true that respondent, Shurtliff, did not deny the allegations of the foreclosure complaint as to the defendant Larsen's interest in said notes. We see no reason why he should do so when the fact was expressly denied by the defendant Larsen, he being the party in interest. What had Shurtliff to defend against as to the defendant Larsen? The complaint demanded that the court determine the owner-

ship as to the two notes in question, and the amount thereof, as between the defendant Larsen and the Utah Loan & Trust Company. No demand was made for judgment on said notes against respondent in favor of any one. Plaintiff was required in the foreclosure proceeding to make all persons parties to the suit who claimed any interest in the mortgaged premises, so that the court might equitably distribute the funds arising on the sale of the mortgaged premises. The court found that the two notes in question belonged to the defendant Larsen. He (Larsen) should have filed a cross-complaint, and demanded affirmative relief as against respondent, Shurtliff. Shurtliff could then have either submitted to a judgment against him in favor of Larsen, or interposed any defense he may have had against Larsen's demand. For aught that appears from the record, respondent, Shurtliff, may have had a good defense to a cross-complaint by Larsen. Shurtliff had no reason to anticipate that a judgment would be rendered against him in favor of Larsen. No issue was joined between them, and Larsen had expressly disclaimed any interest in the subject-matter in controversy. Though Shurtliff may have had no defense to such a claim, he was at least entitled to know from Larsen's pleadings what Larsen would demand, that he might have an opportunity to meet it.

Other errors are assigned by appellant, but they are of minor importance, and we deem a discussion of them unnecessary. We are of the opinion that the trial court in the original foreclosure case was without jurisdiction, under the pleadings, to render the judgment in favor of said Larsen and against respondent, Shurtliff.

The judgment and order of the court below setting aside said deficiency judgment and directing the clerk to cancel the entry thereof are affirmed, with costs to be taxed against appellant.

BASKIN, C. J., and BARTCH, J., concur.