## HOAGLAND v. ANDERSON et al.

No. 5863.   Decided October 15, 1937.   (72 P. [2d] 455.)

*Raymond B. Holbrook*, of Provo, for appellant.
*William A. Hilton*, of Salt Lake City, for respondents.
HAYES, District Judge.

Action by Belle Hoagland against J. C. Anderson and Esther L. Anderson. From a judgment for defendants, plaintiff appeals.

Plaintiff filed her complaint in usual form, seeking judgment on a promissory note executed by defendants and others in her favor. The defendants answered that plaintiff's note was originally secured by a second mortgage; that the Union

Central Life Insurance Company, who held the first mortgage, had foreclosed its said first mortgage on the premises covered by plaintiff's second mortgage, in which action the plaintiff and defendants herein were served with summons and made parties thereto; that plaintiff failed to plead in said foreclosure suit and failed to set up her note sued upon in this action, together with the second mortgage given to secure the same, and failed to have her said second mortgage foreclosed in the action brought to foreclose the said first mortgage; that judgment was entered in favor of said first mortgagee and its mortgage declared to be a first lien on the mortgaged property, and all of the right, title and interest of the plaintiff herein Belle Hoagland in said premises was foreclosed; that said premises were sold to satisfy the judgment of the first mortgagee; that plaintiff herein did not redeem said premises and that sheriff's deed issued to the said first mortgagee; that by reason of the failure of the second mortgagee to come into the action in foreclosure of the first mortgage and therein foreclose her second mortgage she is without lawful right to sue for the collection of said note and is estopped to demand payment thereof and defendants are discharged from all obligations thereunder.

The only question involved is whether or not a second mortgagee, made a party to the suit in foreclosure of the first mortgage, must come into said action by way of cross-complaint and have his second mortgage foreclosed therein, or lose his right to sue for a personal judgment on the note.

The case of *Cache Valley Banking Co.* v. *Logan Lodge No.* 1453, *B. P. O. E.*, 88 Utah 577, 56 P. (2d) 1046, decided by this court April 15, 1936, is decisive of the issues involved in this case, and, upon the authority of that case, and for the reasons therein stated, the judgment in this case is reversed and the cause remanded to the district court of Utah County for a new trial. Costs to appellant.

FOLLAND, C. J., and MOFFAT, HANSON, and WOLFE, JJ., concur.

LARSON, J., being disqualified, did not participate herein.