## COWAN v. STOKER et al.

No. 6281. Decided July 11, 1941. (115 P. 2d 153.)

378

*Claude T. Barnes,* of Salt Lake City, for appellant.

*E. J. Skeen and J. D. Skeen,* both of Salt Lake City, for respondent.

WOLFE, Justice.

This is an appeal from an order of the District Court denying the motion of appellant, a junior mortgagee, that certain surplus monies derived from a foreclosure proceeding, instituted by the senior mortgagee, be turned over to the junior mortgagee.

Alvin D. Stoker and his wife, Ragnhild L. Stoker, mortgaged a piece of real property in Davis County: First, to the Federal Land Bank of Berkeley, second, to Naomi Cowan, and third, to Barnes Banking Company (appellant). The Federal Land Bank is in no way involved in this case on appeal, so we shall no longer consider it. Naomi Cowan brought an action to foreclose her mortgage, joining the Stokers and Barnes Banking Company as defendants. Barnes Banking Company whose mortgage was duly recorded failed to answer or plead. The mortgage of Naomi Cowan was foreclosed and the property sold to Barnes Banking Company (appellant), the highest bidder. It immediately appeared upon sale that there would be a surplus of funds after the costs of foreclosure and the claims of the prior mortgagee, Cowan, had been paid, whereupon appellant, Barnes Banking Company served notice on the other parties and presented a motion to the court that the surplus be applied to its claim formerly secured by a junior

mortgage on said property. Appellant tendered proof of its notes and mortgage. The mortgagors, Stokers, appeared and opposed the motion, arguing that the surplus should be paid to them. The court ordered the surplus impounded to await further action by the District Court or by this court.

The questions presented in this appeal are: (1) Is a junior mortgagee who is joined and served as a party in mortgage foreclosure proceedings, but who does not plead, entitled to the surplus funds obtained upon sale of the mortgage property? (2) If he is so entitled, may he obtain said surplus upon motion to the court made after the decree of foreclosure? (3) Does the purchase of the real property by the junior mortgagee at the foreclosure sale effect a merger and thereby destroy his right to mortgage security?

A junior mortgagee who is joined and properly served in an action by a senior mortgagee to foreclose his mortgage, whether or not he appears or pleads, is bound by the decree of foreclosure and may not thereafter assert a claim against said mortgaged property. *Moss* v. *Robertson,* 56 Neb. 774, 77 N. W. 403; 2 Wiltsie on Mortgage Foreclosure, 4th Ed., 1011, Sec. 776. Upon foreclosure of the senior mortgage the lien of the junior mortgagee attaches to the surplus of the proceeds of the foreclosure sale. *Moss* v. *Robertson,* supra; *Robertson* v. *Brooks,* 65 Neb. 799, 91 N. W. 709; *Continental Ins. Co.* v. *Reeve,* 149 App. Div. 835, 134 N. Y. S. 78; *Carlisle* v. *Parker,* 8 W. W. Harr., Del. 83, 188 A. 67; 42 C. J. 318, Sec. 2025; 19 R. C. L. 656, Sec. 473; 3 Jones on Mortgages, 8th Ed., 685, Sec. 2164; 6 Bancroft's Code Practice and Remedies 6662, Sec. 5097. That a junior mortgagee who has been joined in a foreclosure suit is entitled to a lien against any surplus funds after the costs of foreclosure proceedings and the lien of the senior mortgagee have been paid is well settled. He may maintain an action against the holder of any such surplus to compel payment to him, the junior mortgagee, rather than to the mortgagor. *Church, Inc.* v. *Holmes,* 60 App. D. C. 27, 46 F. 2d 608.

The next question, therefore, is whether appellant adopted the proper procedure to assert its claim in the lower court. Did its failure to answer or plead to the complaint preclude it from claiming the surplus?

"In foreclosing a mortgage where junior mortgagees and incumbrancers are parties defendant, a cross-bill is unnecessary unless affirmative relief is sought. The foreclosure of the prior mortgage affords relief to all subsequent incumbrancers, as they have the right when parties defendant to participate in the distribution of the surplus." (Citing cases.) *Soles* v. *Sheppard*, 99 Ill. 616, 621.

In *Moss* v. *Robertson*, supra, the court allowed a junior lien holder to open the decree and answer after sale had been ordered, made, and confirmed by a decree of the court and in this way claim the surplus of a foreclosure. But the court said that such procedure, while proper, was not the *only* proper procedure.

"Any party to the suit having a lien upon the premises subordinate to the mortgage upon which the sale was made may file a *notice* or petition, stating the nature and extent of his claim * * *." (Italics added.) 3 Jones on Mortgages, 8th Ed., 685, Sec. 2164.

"It appears that the time to assert a right to share in surplus proceeds, if there has been no prior claim, is on the coming in of the return of sale." 6 Bancroft's Code Practice and Remedies, 6664, Sec. 5098, citing *Clark & Leonard Inv. Co.* v. *Way*, 52 Neb. 204, 71 N. W. 1021.

"Claimants of the surplus may ordinarily assert their rights and obtain an adjudication of them on a *motion or petition* filed in the foreclosure action. * * *" (Italics added.) 42 C. J. 322, Sec. 2029.

It is argued on appeal that because the junior mortgagee had a right under Secs. 104-37-29 and 30, R. S. U. 1933, to redeem the mortgaged property, and because it failed to assert its mortgage by cross-bill or other pleading, it was in default and precluded from claiming the surplus. In making this argument respondent relies heavily on *Horr* v. *Herrington*, 22 Okl. 590, 98 P. 443, 445,

20 L. R. A., N. S., 47, 132 Am. St. Rep. 648, in which the Oklahoma Court held that a junior mortgagee *who had not been joined as a party in the suit* but who had purchased the property at foreclosure sale did not have a lien on the surplus purchase money. That case is clearly distinguishable from the instant case. In the Horr case, the junior mortgagee was *not* a party to the foreclosure suit, therefore, he was not bound by the decree. Said the Court:

"By the purchase of the land and filing his petition in intervention, he [junior mortgagee] voluntarily abandoned his right to redeem, and sought to attach his lien to the surplus arising from the sale. *There are no reasons that we know of why this could not be done,* provided there were sufficient equities to warrant a court of equity in granting such relief; but he was not entitled to it merely as a holder of a junior incumbrance, for the statute * * * fixes his rights under the contract. 'The *only* right of a junior mortgagee, *who has not been made a party to the foreclosure of a prior mortgage,* is to redeem the property from that mortgage.'" (Italics added.) *Horr* v. *Herrington,* supra.

In the instant case appellant was a party to the suit and therefore bound by the foreclosure decree which "fully barred and foreclosed [appellant] of all right, title, interest, and estate in and to said mortgaged property and * * * fully barred and foreclosed of all equity of redemption therein and thereto." It did not cease to be a party or escape being bound simply by failing to plead. Inasmuch as appellant recognized the seniority of Cowan's mortgage it might have been useless to plead or to assert a claim until it appeared that there was or would be a surplus from the sale.

We hold, therefore, that a motion seasonably made (before proceeds of sale have been distributed), and served on all parties to the suit who are thereafter given an opportunity to plead and be heard, is a proper means for opening up the judgment for the purpose of allowing a junior mortgagee to make claim to surplus funds from a foreclosure proceeding to which he is a party. It is equivalent to a motion to set aside the default and should be so treated by the court, the parties being required, if in

the court's discretion the motion is granted, to join issue in foreclosure upon the surplus proceeds of sale. If a motion to set aside the default had been made and issue joined in foreclosure upon the surplus proceeds, we should arrive at exactly the same point to which the present petition brings us if the mortgagee is required to set up his claim and the mortgagor is permitted to plead any defense and a hearing is had thereon. The law is interested not so much in form as in substance.

The mortgagor pledged the land as security for its debt to appellant. The land has been sold to satisfy the claims of a senior mortgagee. We see no reason in law or equity why appellant is not entitled to satisfaction from the proceeds from that land as against mortgagor.

The question of merger has been raised by respondents. They assert that appellant by buying in the land at auction merged his lien on said land into his fee simple title. But respondents have merely stated what occurs when a junior mortgagee, *not a party to the foreclosure suit,* purchases at foreclosure sale. In this case appellant was a party to the foreclosure suit. Upon foreclosure and sale, it sought to attach its lien to the surplus. This it could do for its lien could no longer be asserted against the land. In these circumstances it matters not that appellant was the purchaser at foreclosure sale. It purchased the land at open auction and paid, theoretically, the market price. Because that market price was more than enough to satisfy the prior mortgagee and costs, a fund came into existence from which appellant might receive part payment on the debt owed to it by mortgagor. It would indeed be inequitable to allow a mortgagor to claim the proceeds from the sale of land which he had pledged as security for a debt to a mortgagee and force said mortgagee to stand by with the debt unsatisfied and see his security vanish under a decree binding on him. Nor is that inequity removed if the mortgagee happens to purchase at the foreclosure sale and he himself has created the surplus.

The District Court is instructed to treat this as a motion to set aside the default, and in so doing if the motion is granted in the court's discretion, appellant should be allowed to plead and offer evidence in proof of his notes and mortgage, and respondent to plead and show cause, if any there be, why it would be inequitable to pay said surplus to appellant.

Costs to appellant.

McDONOUGH and PRATT, JJ., concur.

LARSON, Justice (concurring).

I concur in the holding that the District Court was right in refusing to direct the sheriff to turn over to the Barnes Banking Company the surplus money received from the sale, as requested in its motion; also in the holding that the court was right in impounding the money until the further order of the court. I concur in the order remanding the cause to the District Court for further proceedings in accordance with the views expressed by this court. But I deem it proper to amplify somewhat the views expressed by Mr. Justice WOLFE. The rule, correctly stated in his opinion, is that "a junior mortgagee who is joined and properly served in an action by a senior mortgagee to foreclose his mortgage, whether or not he appears or pleads, *is bound by the decree of foreclosure and may not thereafter assert a claim against said mortgaged property.*" (Italics added.) The opinion is also right in holding that a junior mortgagee, made a party in a suit for foreclosure of a senior mortgage, is entitled in the foreclosure action to have his lien adjudicated against any surplus funds after the cost of the foreclosure proceedings and the lien of the senior mortgage have been paid. This is so because the decree of foreclosure determines and adjudicates the rights of all parties to the action in and against the property involved, fixing the extent and priority of each such right or claim. It directs the sale of the property and the

distribution of the proceeds among the claimants as determined in the decree and the provisions of the statute. Our statute governing mortgage foreclosures are entirely overlooked or ignored. The statutes provide (Chapter 55, of Title 104, R. S. U. 1933) for foreclosure of mortgages. Section 1 of the chapter provides that upon judgment of foreclosure and sale, the sheriff shall "sell the same according to the provisions of law relating to sales on execution," and the decree herein directed that the sale be made according to law. The law with respect to sales on execution provides that where the judgment requires the sale of property, it is executed by a writ directing the officer to make the sale and apply the proceeds in conformity therewith. Section 104-37-5, R. S. U. 1933. In the instant case the decree of foreclosure was very poorly drawn. It made no provisions as to what should be done with the excess, if any, over the plaintiff's judgment, except to say that the sheriff should proceed according to the law. The law in such cases is set forth in Section 104-37-17, R. S. U. 1933, which reads: "* * * Any excess in the proceeds over the judgment and accruing costs must be returned to the judgment debtor, unless otherwise directed by the judgment or order of the court * * *", under which the sale is made. See also Wiltsie, Mortgage Foreclosures, 2nd Edition, pages 1256, 1257; *Milmo Nat. Bank* v. *Rich*, 16 Tex. Civ. App. 363, 40 S. W. 1032. Parties holding mortgages or liens inferior to the claim of the plaintiff, when made a party to the action, must therefore come in and foreclose their lien so as to be provided for and protected by the judgment, decree and writ of execution (order of sale), or such person loses his lien entirely. It is wiped out by the decree of foreclosure. *Robinson & Co.* v. *Cosner*, 136 La. 595, 67 So. 468; *West* v. *Shurtliff*, 28 Utah 337, 79 P. 180; *Williams* v. *Wilson*, 42 Or. 299, 70 P. 1031, 1033, 95 Am. St. Rep. 745, where the court says:

"Now, what is the status of a judgment lien creditor when he has been a party, regularly brought in, and becomes legally subject to the

decree of foreclosure? If he desires to perpetuate his lien as it pertains to the particular property involved by the suit, it is plain that he must set it up; otherwise he must stand, in default, and can get nothing."

No one therefore has or can have any interest in the property, the sale, or the proceeds thereof except as provided by the decree, the writ, or the provisions of the statutes. Jones on Mortgages, 8th Edition, Vol. 3, page 690. We have seen that here neither the judgment nor the decree gave appellant, Barnes Banking Company, the junior mortgagee, any claims or rights against the owners of the property, defendants and respondents, Stokers, nor any rights in the proceeds of the sale. *The judgment and decree are final and binding on all parties to the action until vacated or set aside as provided by law.* No party to the action can thereafter have any interest in the property or subject matter of the action, except as provided by the decree or the express provisions of the statute. *Moss* v. *Robertson,* 56 Neb. 774, 77 N. W. 403; *White* v. *Bartlett,* 14 Neb. 320, 15 N. W. 702; *Barton* v. *Anderson,* 104 Ind. 578, 579, 4 N. W. 420. The only right given to a party to the action outside the provisions of the decree is the right to redeem as provided by Chapter 37 of Title 104, R. S. U. 1933. This is also the effect of the authorities generally, including the prior decisions of this court. The liens of all parties to the action, not determined by the judgment and decree, that is of all defaulting parties, are extinguished by the judgment and decree; and thereafter such parties if they have any claims are only unsecured creditors. *Cache Valley Banking Company* v. *Logan Lodge,* 88 Utah 577, 56 P. 2d 1046; *Hoagland* v. *Anderson,* 93 Utah 196, 72 P. 2d 455; *Donaldson* v. *Grant,* 15 Utah 231, 49 P. 779; *Merced Sec. Saving Bank* v. *Casaccia,* 103 Cal. 641, 37 P. 648; *Savings Bank* v. *Central Market Co.,* 122 Cal. 28, 54 P. 273.

Something is said in the prevailing opinion about the lien of the junior mortgagee attaching to the surplus of funds received on sale under the first mortgage. As a loose state-

ment of the law that may pass, but its application in the manner attempted by the Banking Company in this case seems new and unique. The cited case of *Church, Inc.* v. *Holmes*, 60 App. D. C. 27, 46 F. 2d 608, 612, was a proceeding, not under a judgment of foreclosure, but under a trust deed, and according to a practice peculiar to the District of Columbia. That court itself makes the distinctions when by way of sustaining its holding it says: "In many of the cases examined the question of the right of the subsequent lien-holder to recover from the surplus arose in the court of equity, where the foreclosure of the first mortgage had been by equitable proceeding. There are few, if any, jurisdictions where the matter of foreclosure is conducted in the summary way that prevails in the District of Columbia, where, under a power of sale conferred in the deed of trust, the trustees may, on short published notice, sell the property mortgaged without any right of redemption in the mortgagor. The rule, therefore, that the trustees shall take notice of the records as to junior mortgages, judgments, or liens, before disposing of surplus moneys in their hands or turning it back to the mortgagor, is not a harsh one, but a wholesome equitable requirement for the protection of junior incumbrancers. It is no burden upon the trustees to require them, before paying the surplus, to have a proper search made of the records, or require the mortgagor to present a certificate from the proper officers certifying that the record is clear of existing incumbrances."

The case of *Moss* v. *Robertson*, supra, relied upon by counsel, does not uphold the procedure sought to be followed in this case. It sustains a procedure which I conceive to be the proper one. In the Moss case, the junior mortgagee defaulted, the court entered a decree directing that the excess if any from the sale be paid into the court. (In the instant case the decree directed that the excess be paid, as provided by the statute, to the mortgagor.) After sale the defaulting junior mortgagee, who had been served by constructive notice, *petitioned the court to open the decree and*

*permit him to file an answer and cross-bill.* This was done. The issues made by the cross-bill were determined, foreclosure of the junior mortgage was decreed, and the surplus over the first mortgage was given to the junior mortgagee under his judgment. He received the surplus under and pursuant to the decree and not in derogation of it.

In *Robertson* v. *Brooks,* 65 Neb. 709, 91 N. W. 709, cited in the opinion, the holding is well stated in the second syllabus:

"While the second mortgagee had a lien on the surplus, her right to demand possession thereof did not accrue until *her mortgage was foreclosed* and the amount due thereon judicially determined." (Italics added.)

The opinion cites 42 C. J. 318, Section 2025. That section, after saying that in equity the lien of the junior mortgagee may be transferred to the surplus foreclosure fund, states that if the junior lienor was a party to the foreclosure proceedings the decree *should direct* that he be satisfied out of the surplus, if any. The rule is further stated in the same text at page 306, sections 2004, 2005, that after satisfaction of the judgment under which sale is made, the surplus belongs to the mortgagor, and that liens on the fund must be determined by the *decree* of foreclosure. Again in Section 2019, page 314, we read that the surplus proceeds of a foreclosure sale after satisfying the judgment represent the equity of redemption and belong to the mortgagor. To the same effect is Jones on Mortgages, 8th Edition, Section 2164 and cases there cited. In Section 2169 we read that the junior mortgagee may have his rights protected by appropriate *provisions in the decree* as to the application of the surplus, if there is any, after satisfying the prior mortgage.

Rights in the excess of sale proceeds over the amount required to satisfy the judgment stand in lieu of the land, and rights therein stand the same as they would if the form of the property had not been changed. Junior mortgagees who

were parties to the foreclosure of a senior mortgage, and who sought and obtained foreclosure of their liens in that suit, are entitled to any surplus. Bancroft Code Prac. and Rem., p. 6662, Section 5097. Section 5098 of the same text reads:

"The court in which foreclosure was decreed has jurisdiction to make distribution of surplus proceeds to the person entitled, if the necessary parties are before the court or are brought before it. Distribution may be accomplished by appropriate directions in the foreclosure decree, or be reserved in the decree until a subsequent showing is made as to the rights involved. It is thus proper for the court to direct in the foreclosure decree that surplus proceeds be paid to junior mortgagees who were parties to the cause, if there is no one in better right, and the sheriff may make distribution accordingly.

"If there is no provision in the original decree for distribution of a surplus, rights may be determined on a subsequent application."

The decree may be modified to provide for distribution of surplus proceeds. *Union Water Co.* v. *Murphy's Flat Fluming Co.*, 22 Cal. 620. After the entry of the judgment and decree of foreclosure, all parties thereto are concluded from any interest in the property except that fixed and declared by such decree. The court having decreed how the property or its proceeds are to be divided and applied, all parties are concluded thereby; and all other claims of the parties to the action are terminated. The rights fixed in the decree are controlling and conclusive. It is final, and until vacated and set aside according to law it is a positive and binding adjudication of the rights and interests of all parties to the action. The claims of all parties to the action are merged in judgment, and thenceforth exist by virtue of the decree and not by virtue of or under the mortgages or other liens.

How then can such decree be vacated or set aside? There are three ways or methods recognized by our statutes: First, by the trial court granting a new trial, pursuant to the provisions of Chapter 40 of Title 104, R. S. U. 1933; second, by appeal to this court as provided by Chapter 41, Title 104, R. S. U. 1933; and third by reopening the cause

to permit a party in default to be heard, under authority of Section 104-14-4, R. S. U. 1933. None of these methods were attempted in the present case. Appellant does not seek to have his default set aside, to modify or amend the decree, to raise any issuable facts, or submit any matters juridically for judicial determination.

This then seems to be the proper procedure in cases such as this. When a mortgage foreclosure is brought, and persons are made parties to the action as junior lienors they must make answer and set up their interest in the property and have their rights protected by the judgment and decree. *Ward* v. *McNaughton*, 43 Cal. 159. In *Romberg* v. *McCormick*, 194 Ill. 205, 62 N. E. 537, 540, the court said:

"The decree contains no finding of the amount due the appellant, or any finding whatever as to her rights, interest, or lien in the matter. It was not essential to her right to participate in the surplus of the proceeds of the sale that she should have asked that relief by way of a cross bill. An answer is sufficient for that purpose. *Blatchford* v. *Blanchard*, 160 Ill. 115, 43 N. E. 794. The decree should have judicially determined and declared the amount due appellant, and recited the facts with reference to the execution of the note held by her, and of the mortgage or trust deed given to secure it."

And in the syllabus of the same case we read:

"5. Judgments and decrees—decree should protect right of second mortgagee to participate in surplus. * * * The decree * * * should declare the facts so found in the master's report, in order to protect the right of the second mortgagee to participate in the surplus, if any."

See also *Clark, etc., Co., et al.* v. *Way*, 52 Neb. 204, 71 N. W. 1021. If they do not set up their interest in the property, they are bound by the decree and their liens are extinguished. 42 C. J. 223, Section 2034; *Horr* v. *Herrington*, 22 Okl. 590, 98 P. 443, 20 L. R. A., N. S., 47, 132 Am. St. Rep. 648; *Tallman* v. *Ely*, 6 Wis. 244; 42 C. J. pp. 167, 168, 169; and cases cited supra. Since the moneys received from the sale stand in lieu of the land, there can be no lien on the money where the lien on the land has been extinguished.

What may a junior lienor, a party to the action who has defaulted, do to protect after the decree the claims he should have asserted before judgment?

He may move to set aside his default, reopen the case and have his mortgage foreclosed as a lien against the property or the proceeds thereof as provided by Section 104-14-4, R. S. U. 1933. Or he may sue at law upon his notes and attach the surplus of the sale, if any, belonging to the mortgagor under process in his law action. *Cache Valley Banking Company* v. *Logan Lodge,* supra; *Hoagland* v. *Anderson,* supra; *Church, Inc.* v. *Holmes,* 60 App. D. C. 27, 46 F. 2d 608; *Judge* v. *Herbert,* 124 Mass. 330; *Wiggin* v. *Heywood,* 118 Mass. 514; 42 C. J. page 321, Section 2028, also Section 2034; *Baker and Hull* v. *Gladden,* 72 Ga. 469; *Robinson & Co.* v. *Cosner,* supra.

And certainly he cannot receive from the property or its proceeds any part thereof through the court until and unless his right thereto has been juridically before the court and judicially determined.

I do not think the motion of the Barnes Bank Company should be treated and passed upon as a motion to reopen the case and the decree. It was sufficient to call to the attention of the court the fact that the Banking Company claimed the money and wished to be heard thereon. The court did what it should do in such case. It impounded the money so as to give the Banking Company an opportunity to make a proper motion to reopen the case and tender its issues in a foreclosure complaint. When a defaulting defendant seeks to have a default set aside, he must as a part of his motion tender proper pleadings raising a justiciable issue justifying the reopening of the case. Neither the motion nor the affidavit accompanying it, nor both, can by any stretch be considered as a suit on a note or a complaint in foreclosure. The District Court should, upon remittitur, allow the Banking Company a reasonable time to make proper motion, tender issues, and show why the cause should be reopened and its default set aside.

MOFFAT, Chief Justice (concurring).

I concur in the result arrived at in the opinion of Mr. Justice WOLFE and Mr. Justice LARSON. The arguments and procedures differ. Mr. Justice WOLFE makes application of equitable principles, while Mr. Justice LARSON follows the statutory procedure.