**DOWNEY STATE BANK, Plaintiff,**

v.

**MAJOR–BLAKENEY CORPORATION, a corporation, Ski Park City West, Inc., National Property Management, Inc., Robert W. Ensign, Ensign Company, a California Limited Partnership, Robert W. Major, Park City Utah Corporation, Joseph L. Krofcheck, M. D., Trustee and Richards and Richards, Defendants and Appellants,**

and

**Franklin D. Richards & Company, Intervenor and Respondent,**

**Richard W. Ringwood, Intervenor and Appellant.**

Nos. 15128, 15207.

Supreme Court of Utah.

April 24, 1978.

See also Utah, 545 P.2d 507.

Don R. Strong, Springville, C. Keith Rooker, of Martineau & Maak, Nick J. Colessides, of Nemelka & Colessides, Salt Lake City, for defendants and appellants.

Scott H. Clark, of Fabian & Clendenin, Salt Lake City, for intervenor and respondent.

WILKINS, Justice:

The main question presented on this appeal is whether the assignee of a recorded attorney's charging lien [1] is a party entitled to redeem from the purchaser at a sheriff's sale following a decree of foreclosure, pursuant to Rule 69(f), Utah Rules of Civil Procedure.

Intervenor Ringwood, appellant herein, purchased real property designated as "parcel 12" at the sheriff's sale following entry of a decree in the foreclosure action, which action was tried in the District Court of Salt Lake County. Intervenor Franklin D. Richards and Company, respondent (hereafter "Company") is the assignee of Richards and Richards (hereafter "attorneys") who had recorded their attorney's lien against the property prior to the commencement of this foreclosure action. During the redemption period, Company attempted to redeem parcel 12 from Ringwood, but he refused the redemption on the grounds (1) that the Company was not a party entitled to redeem, and (2) that the attorneys had no valid lien. Ringwood and Company filed a complaint in the foreclosure action seeking delivery of the sheriff's deed to parcel 12. The intervenors' cause was severed from the main foreclosure action, and tried separately.

Joseph L. Krofcheck is one of the defendants in the foreclosure action. He filed a motion for summary judgment in the severed action but at the time of the trial the Court ruled that he was not a proper party and would not allow him to be heard. Krofcheck appealed from that ruling and was assigned docket number 15128 in this Court. Defendant Krofcheck's interest in the subject property was foreclosed by the decree of foreclosure, from which he previously appealed, and which decree was affirmed by this Court.[2] It is now res judicata. As said defendant did not exercise his right to redeem the property, he had no standing to assert any interest in the real property at the time of the severed trial from which these appeals have been taken.[3]

Basically, Krofcheck asserts that his claim is superior to the Company's as it was prior in time. As both the claims of Krofcheck and the Company are foreclosed, however, that question is moot. It is the *right to redeem* that is at issue here. Krofcheck never attempted to redeem, all of his interest in the subject property is extinguished, and he has no standing as a party.

Krofcheck also argues that he is the assignee of part of Ringwood's interest as purchaser and as such is indeed a proper party to the intervenors' action. However, he made no motion to intervene, join, or be substituted for Ringwood in the severed action. Had he done so, he still would not be in a position to assert his foreclosed interest, as he attempts to do, since he would have no interest greater than that of his assignor.

After a trial on the issues, the Court held that the recorded attorney's lien was a lien which entitled the holder to redeem, and granted judgment to Richards. Ringwood appeals in No. 15207.

Utah Code Annotated, 1953, Section 78–37–6 provides:

Sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in case of sales under executions generally . . .

And Rule 69(f) provides in relevant part:

(1) Who May Redeem. Property sold subject to redemption, or any part sold separately, may be redeemed by the fol-

---

1. Utah Code Annotated, 1953, Section 78–51–41.

2. *Downey State Bank v. Major-Blakeney Corp.,* Utah, 545 P.2d 507 (1976).

3. See *Cowan v. Stoker,* 100 Utah 377, 115 P.2d 153 (1941), especially the concurring opinion of Justice Larson.

lowing persons or their successors in interest: (1) The judgment debtor; (2) a creditor having *a lien by judgment or mortgage* on the property sold, or on some share or part thereof, subsequent to that on which the property was sold.

(2) Redemption—How Made. At the time of redemption the person seeking the same may make payment of the amount required to the person from whom the property is being redeemed, or for him to the officer who made the sale, or his successor in office. At the same time the redemptioner must produce to the officer or person from whom he seeks to redeem, and serve with his notice to the officer: (1) a certified copy of the docket of the judgment under which he claims the right to redeem, or, if he redeems upon a *mortgage or other lien,* a memorandum of the record thereof certified by the recorder; (2) an assignment, properly acknowledged or proved where the same is necessary to establish his claim; (3) an affidavit by himself or his agent showing the amount then actually due on the lien. [Emphasis added.]

Appellant Ringwood argues that the Company is neither a judgment creditor nor a mortgagee, and is therefore not a party entitled to redeem under subsection (1) of the Rule.

Respondent Company argues that the words "or other lien" in subsection (2) of the Rule indicate an intent to include among those entitled to redeem parties holding such liens as mechanic's liens, and attorney's liens though they may be unadjudicated. The right to redeem from mortgage foreclosure sales is a statutory right,[4] and the question concerning who may redeem is therefore a matter of statutory construction.

The phrase "a lien by judgment or mortgage" in Rule 69(f)(1)(2) must be read in juxtaposition to the phrase "a certified copy of the docket of the judgment . . or, if he redeems upon a mortgage or other lien" in Rule 69(f)(2)(1) and the phrase "an affidavit . . . showing the amount then actually due on the lien" in Rule 69(f)(2)(3). We are satisfied from a consideration of all the phrases cited ante in Rule 69(f) that it was this Court's intent to include in the right of redemption any valid lien, including an attorney's lien. We believe this to be the intent as an opposite interpretation would make the two latter phrases, noted above, surplusage and meaningless.

Ringwood further argues that the Court erred in excluding his evidence with regard to the validity of the attorney's lien. Ringwood, however, made no proffer of what the excluded testimony would have demonstrated. A judgment will not be reversed for an alleged error in the exclusion of evidence unless it appears in the record that the error was prejudicial.[5] Ringwood's failure to make a proffer of proof as to what his evidence would show precludes him from asserting on appeal that the exclusion was error. Affirmed. Costs to Intervenor Franklin D. Richards and Company.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

**4.** See *Chapman v. Schiller,* 95 Utah 514, 83 P.2d 249 (1938).

**5.** Utah Rules of Evidence, Rule 5.