THE BOARD OF COMMISSIONERS OF STANTON COUNTY, PLAINTIFF IN ERROR, v. THE BOARD OF COMMISSIONERS OF MADISON COUNTY, DEFENDANT IN ERROR.

1.  **Change of Venue:** costs. Upon a change of venue under sec. 456 criminal code, the expenses of the county in which the cause is tried, including jurors, bailiffs, use of court room, etc., are not costs within the meaning of said section, "to be borne by the county where the indictment is found."

2.  ———: ———. Whether the language of the statute includes anything more than clerk's fees for transcript of the record of the case, *quære*.

ERROR to the district court for Stanton county, to which the cause had been brought on appeal from an order of the board of county commissioners, disallowing the claim of Madison county arising in and about the trial of two criminals, had in Madison county, upon a change of venue from Stanton county. Judgment below before BARNES, J., in favor of Madison county, to reverse which Stanton county comes here upon a petition in error.

*John A. Erhardt,* for plaintiff in error.

*W. M. Robertson,* for defendant in error.

COBB, J.

The sole question in this case arises upon the construction of sec. 456, chapter 58, found on page 824 Gen. Statutes, which reads as follows: "When the venue is changed to an adjoining county the clerk of the court in which the indictment was found shall make out a certified transcript of all the proceedings in the case, which, together with the original indictment, he shall transmit to the clerk of the court to

which the venue is changed, and the trial shall be conducted in all respects as if the defendant had been indicted in the county to which the venue has been changed. The costs accruing from a change of venue shall be paid by the county in which the indictment was found."

It appears from the notice of appeal from the board of county commissioners of Stanton county to the district court of that county, that the items thrown out by the said board and disallowed of the claim of Madison county " for costs, charges, and expenses in and by the said county of Madison," in the trial of the case of *The State of Nebraska v. John H. Rust-meyer and Otto Rustmeyer*, were as follows: .

Jurors sworn and rejected, $30; two bailiffs, $36; use of church for court-room, $18; use of jury room, $16; jurors of the regular panel held over and discharged on account of length of time required for trying the case of *State v. Rustmeyer*, $210; jury that tried the cause, $216; special jury called, May 8, 1878, $39.

It also appears from the record that the board of Stanton county allowed $256.50 in addition to an amount previously ordered, the amount of which is not given.

Upon appeal to the district court the above items were allowed to the amount of $481.90, and judgment for that amount against plaintiff in error.

But one case is cited by counsel on either side: *Commissioners of Shawnee Co. v. Commissioners of Wabaunsee Co.*, 4 Kansas, 312. That case seems to turn chiefly upon the fact that the trial, which was the source of the costs claimed, was had at a special term of the court called in Wabaunsee county for the special purpose of trying Edwards only, he having been indicted in Shawnee county, and the venue being changed to the former county. Hence, the whole expenses of the term

22

were attributable to that case, and no difficulty was experienced in separating them from other expenses.

The court, in the opinion, say: " The costs in this case are for the per diem, mileage, and board of jurors, and the fees of bailiffs necessarily in attendance upon them. These are not, technically, the costs in the case as between plaintiff and defendant, still they constitute a charge that must be met and borne by some county in the ordinary dispensation of justice; and it would seem right and proper that each county should bear its own burdens; and when, in the administration of justice, such necessary charges are incurred, it does not change the burden. When a change of venue takes place the county that is so fortunate as to get clear of the trouble of the investigation does not thereby escape the penalty of paying the costs. Had this trial taken place in Shawnee, that county, under the law, would have been liable for all the expenses of this kind necessarily and legally incurred. There is no provision of law that throws this burden upon another county. Thus, while there is no absolute provision of the statute applicable to this case, that very silence leaves the obligation to pay in the county where the offense was committed."

We are unable to take so liberal a view of the law as the learned court whose opinion we have in part above quoted. I doubt the proposition that there is natural justice in the rule requiring the county, within whose borders a crime is committed, to pay the costs of the trial of the person charged with its commission. The most that can be said, in my opinion, is that the law has adopted the rule for the sake of convenience; nor do I think it quite safe to find in the silence of the statute a reason for any particular rule. But I think the provisions of law ample for the disposition of this case. The rule is familiar that all provisions of the

statute *in pari materia* shall be construed together. The statute provides for the holding of regular terms of the district court in each organized county. It makes it the duty of the board of county commissioners of each such county to provide places of holding such courts, either permanent or temporary, at the expense of the county. It makes it the duty of the district court, at each term, to appoint a competent number of bailiffs to wait on the grand jury and court during the term, who shall be allowed for their services two dollars per day, to be paid by the county.

The statute also provides for the summoning of jurors, both grand and petit, whose per diem and mileage shall be paid by the county. It also provides that causes, both civil and criminal, pending in one county, may for certain causes be removed to another on change of venue. In new counties terms of the court are generally of short duration, and in the spirit of economy the authorities usually try to make them as brief as possible. But it sometimes happens that a difficult and important case arises in such county, or it may be, has been brought from another county on change of venue. It prolongs the term from days to weeks, and runs up the expenses for jurors, bailiffs, court-room, etc., to a large sum. Let us suppose it to be a civil case; would any one for a moment say that these expenses, other than taxable costs, would be chargeable to either party to the suit? Certainly not; and if not in a civil case, where one or both of the parties—presumably the losing one—is responsible for what has been done, why, in a criminal one, should a county, whose only agency in the matter is the misfortune of having a crime committed within her borders, perhaps by a tramp, who, for the sake of delay, has taken a change of venue to an adjoining county, etc., be visited with the full weight of these accumulated expenses?

At all events, these considerations of natural justice are rather for the consideration of the legislature than the courts. We find provisions of law for each county paying these ordinary expenses, with no provision for saddling them upon any other county, state, or person, when on account of protracted litigation they reach extraordinary proportions.

It is true, as we have seen, that the section quoted at the outset of this opinion provides that "the *costs* accruing from the change of venue shall be paid by the county in which the indictment was found." There is some ground for doubt whether this language means anything more than the clerks' fees for the transcript, which the same section makes it the duty of the clerk of the court, from whence the venue is changed, to make out and transmit to the clerk of the court to which the venue is changed, and necessarily the sheriff's fees for conveying the prisoner thither. But certainly there is no warrant for attaching to the word costs any broader or other meaning when used in the section than as other where used in the same statute.

"Costs," says Bouvier (1 Law Dic., 370), are "the expenses incurred by the parties in the prosecution or defense of a suit at law. A party can in no case recover costs from his adversary unless he can show some statute which gives him the right. Statutes which give costs are not to be extended beyond the letter, but are to be construed strictly." See also authorities cited by Bouvier.

I come to the conclusion that none of the items of expenses enumerated in the finding of the district court, upon which the judgment in this case was rendered, are *costs* within the meaning of the statute. It therefore necessarily follows that the judgment cannot be sustained.

Judgment of the district court reversed, and the order of the board of county commissioners of Stanton county, disallowing the said claim, affirmed.

JUDGMENT ACCORDINGLY.