RANDOLPH MOSS V. BELLE ROBERTSON ET AL.

FILED DECEMBER 8, 1898.   No. 8429.

1. **Proceedings in Error: TIME TO FILE TRANSCRIPT: ADDITIONAL TRANSCRIPT.** In proceedings in error there must be filed within a year after the rendition of the final judgment or order sought to be effected a petition in error and transcript of the proceedings containing such final judgment or order. *Held*, That jurisdiction of the appellate tribunal attaches if the petition in error and transcript of the final judgment or order are filed therein; and an amended transcript, or amendment or amendments to the transcript, may, by leave obtained, be filed and without or beyond the year after the entry of the said judgment or order.

2. **Security for Costs.** A defendant, upon whom service had been made by publication, and not otherwise, applied, under the provisions of section 82 of the Code of Civil Procedure, to have the decree rendered in the action opened and be let in to defend, and the application was sustained. The party filed an answer in the nature of a cross-petition and prayed for affirmative relief of the foreclosure of a mortgage lien on the property involved in the suit. The motion was made that the cross-petitioner be required to give security for costs, which was overruled. Such ruling *held* not erroneous.

3. **Mortgage Foreclosure: PRIORITY OF LIENS: DISTRIBUTION OF PRO-**

CEEDS OF SALE. In an action to foreclose a real estate mortgage a junior mortgagee was made a party and was defaulted. A decree was rendered, sale ordered, made, and confirmed. Of the amount of the purchase price there was a surplus after satisfaction of the first mortgage lien. Subsequently the owner of the junior mortgage, upon whom service had been constructive, was allowed to open the decree and answer. The answer was a cross-bill, by which a foreclosure of the second mortgage was sought and the appropriation of the surplus of the proceeds of the sale to the satisfaction thereof. *Held*, That as against the owner of the equity of redemption the junior mortgagee was entitled to such surplus.

4. ——: ——: ——: PROCEDURE. Under the facts and conditions which prevailed in the foreclosure suit at the time, the procedure adopted by the second mortgagee to assert a claim to the surplus of the proceeds of the sale under the lien of the first mortgage was entirely proper.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J. *Affirmed.*

*Story & Story,* for plaintiff in error.

*John B. Raper* and *H. C. Lindsay, contra.*

HARRISON, C. J.

On May 22, 1890, Belle Robertson and J. H. Robertson, her husband, executed and delivered to James M. Storm a mortgage on two lots in the town of Du Bois to secure the payment of an indebtedness of $641.38, which was duly recorded, and on March 14, of the succeeding year, sold and conveyed the premises to Melissa E. Groom, the grantee assuming and agreeing to pay the mortgage debt. To secure the payment of a part of the purchase price Melissa E. Groom executed and delivered to her grantor a mortgage on the premises in the sum of $445. The condition of the mortgage to James M. Storms in regard to payment of the debt was not performed, and he instituted an action of foreclosure, to which, with others, Belle Robertson, J. H. Robertson, Melissa E. Groom and her husband were made parties. The service on the Robertsons and some others of defendants was

by publication. In the petition appeared the following statement: "The defendants Belle Robertson and J. H. Robertson claim to have an interest in said premises by virtue of a mortgage thereon from Melissa E. Groom and Isaac E. Groom, dated March 27, 1891, and recorded in book 18 of mortgages on page 231 of the records of Pawnee county, Nebraska, the amount of which interest is unknown to the plaintiff, but the lien thereof is subsequent and secondary to that of the plaintiff's mortgage." There was no appearance by the Robertsons. Their default was entered, and in due course of the proceedings in the suit a decree was rendered and sale ordered. The property was sold under the order of sale April 17, 1893, and James M. Storm, the mortgagee and plaintiff in the foreclosure suit, was the purchaser, the amount paid being $1,045, of which, after satisfaction of the decree, there remained a surplus of $252.20. After the decree, but prior to the sale to satisfy it, the property was sold and conveyed by Mrs. Groom and husband to Randolph Moss, the plaintiff in error. At or about the time of confirmation of the sale Randolph Moss appeared and moved the court that he be made a party to the action and receive the surplus of the proceeds of the sale. In the decree it had been ordered: "An order of sale shall be issued to the sheriff of Pawnee county commanding him to sell the above described real estate as upon execution, and bring the proceeds thereof into court to be applied in satisfaction of the sum of $670.80 found due." The sum set forth in the decree was the amount adjudged to be due of the debt secured by the mortgage to the plaintiff in the action of foreclosure. The record discloses, or it is a finding of the trial judge in the decree of which a reversal is now sought, that the proceeds of the sale were by the sheriff paid into court, or to its clerk. The court did not order the surplus paid to the plaintiff in error on his motion, but the clerk paid it to him. Subsequent to all the occurrences to which we have alluded Belle Robertson made an application

to have the decree of foreclosure opened and to be let in to defend under the provisions of section 82 of the Code of Civil Procedure, relative to opening decrees by parties against whom the service was constructive or by publication, which was sustained, and she filed an answer and cross-bill, in which she asked the foreclosure of the mortgage given by Melissa E. Groom and husband at the time of the purchase from the cross-petitioner of the property involved in the suit, and that she be adjudged entitled to receive and apply on the mortgage debt the surplus of the proceeds of the sale made under the decree of foreclosure of the prior mortgage. The portion of the relief for which she prayed to which we have last referred was granted her, and it is of the proceedings which led up to the decree and also of such adjudication that a review is now sought in this court.

The jurisdiction of this court is questioned by defendant in error, and this objection had best be examined first. The plaintiff in error filed a petition in error, a transcript of the entry of the judgment, and the bill of exceptions. Pursuant to leave obtained on motion for the purpose there was subsequently filed an amended transcript or amendments to the transcript. The contention for plaintiff in error is that the filings did not fulfill the requirements of section 586 of the Code of Civil Procedure, wherein it is provided that "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified;" that this contemplated the filing with the petition in error of a complete transcript of all the proceedings necessary to the presentation of the alleged errors to the appellate court; and further, inasmuch as error proceedings must be commenced within one year after the rendition of the judgment sought to be vacated (see Code of Civil Procedure, sec. 592), and the amendments to the transcript herein were not within a year after the judgment was entered, the supreme court did not acquire jurisdic-

tion. An examination of the decisions of this court which bear on this point of discussion satisfies us that when a transcript, inclusive of the judgment or final order, which transcript may be incomplete,—certainly not purposely or negligently so,—is filed with a petition in error within a year after the rendition of the judgment or final order, the reversal of which is the object of the proceedings, jurisdiction of the matter attaches, and on application the appellate court may, within its discretion, allow an amended transcript, or amendments to the transcript, to be filed of a date or time without or beyond the said year. This being determined the argument on this point fails.

For plaintiff in error there was filed in the district court before decree a motion that the cross-petitioner, being a non-resident, be required to give security for costs. The application to open the judgment of foreclosure of the prior mortgage was, as we have before stated, under the provisions of section 82 of the Code of Civil Procedure, in which appears the following language in regard to costs: The applicant shall "pay all costs, if the court require them to be paid." It is provided generally in respect to security for costs that "in all cases in which the plaintiff is a non-resident of the county in which the action is to be brought, before commencing such action, the plaintiff must furnish sufficient surety for costs" (Code of Civil Procedure, sec. 612); and "an action in which security for costs is required by the last section, and has not been given, shall be dismissed on motion and notice by the defendant at any proper time before judgment, unless in a reasonable time to be allowed by the court, such security for costs be given" (Code of Civil Procedure, sec. 613). Statutes in regard to costs may not be extended beyond the letter, but are to be construed strictly. (*Stanton County v. Madison County*, 10 Neb. 308.) The cross-petitioner was not within the provisions of section 612 of the Code of Civil Procedure relative to security for costs; and that security

should be given or required was not within the letter of section 82.  If any inherent right was in the court to require such security, it was a matter of discretion; and without abuse of its judgment—and there was none—its ruling on the motion was not erroneous.

The only further question to be determined is whether the court erred in its decree by which it ordered that the cross-petitioner receive the surplus of the proceeds of the sale under the prior mortgage, which sale had been perfected and confirmed.  It cannot be controverted that the plaintiff in error, when he purchased the land and received its conveyance from the Grooms, took the title subject to the lien of the junior mortgage.  By the decree of foreclosure of the first mortgage lien and its execution by the sale the property was transferred to the purchaser shorn of the lien of the junior mortgage.  Since the junior mortgagee was a party to the foreclosure suit and required to answer, she was bound by the decree. (*White v. Bartlett*, 14 Neb. 320; *Shellenbarger v. Biser*, 5 Neb. 195; *Barton v. Anderson*, 104 Ind. 579.)  Upon the sale of the land under the lien of the prior mortgage the lien of the junior mortgage was shifted from the land to the surplus of the proceeds after satisfaction of the amount of the mortgage.  (Kerr's Supplement to Wiltsie, Mortgage Foreclosure p. 1432, sec. 708*j*.)  The second mortgagee will take a surplus of the proceeds of a sale under the first mortgage in preference to the mortgagor. (*Brown v. Crookston Agricultural Ass'n*, 34 Minn. 545.)  In the opinion in the case just cited there appeared this statement: "The owner of the real estate executed, at different times, two mortgages upon it.  Upon a statutory foreclosure sale, by advertisement, under the senior mortgage, the land was sold for a price which left a surplus in the hands of the sheriff after satisfying that mortgage.  The only question necessary to be considered is as to whether the junior mortgagee or the mortgagor is entitled to receive that surplus, through the proper determination of the court.  According to the well es-

tablished rule in such cases, the second mortgagee was
entitled to the surplus, or to so much of it as might be
necessary to satisfy his mortgage, in preference to the
mortgagor.   (2 Jones, Mortgages, secs. 1688, 1929; *But-
trick v. Wentworth*, 6 Allen [Mass.] 79; *Andrews v. Fiske*,
101 Mass. 422; *Cook v. Basley*, 123 Mass. 396; *Ballinger
v. Bourland*, 87 Ill. 513; 2 Washburn, Real Property 71.)
In the contemplation of equity, by the sale of the whole
estate, under foreclosure proceedings affecting and bind-
ing the junior mortgagee, the land is converted into
money, and this fund being treated as a substitute for
the mortgaged estate, the lien of the junior mortgagee
is transferred from the land to the surplus of the money
arising from the sale.   The rights of the parties as they
before existed are not transposed by the sale, and the
court will apply the fund in accordance with their rights
as they existed in respect to the land."   The rule an-
nounced would hold good and be forcible against the
grantee of the mortgagor, here the plaintiff in error.
The rule is the same, although the indebtedness the
payment of which is secured by the second mortgage may
not be due.   (*Fagan v. People's Saving & Loan Ass'n*, 55
Minn. 437.)   In this case, however, by reason of a default
in its condition in regard to payment of taxes on the
mortgaged property, the debt secured by the second
mortgage had matured, and the second mortgagee was
entitled to enforce it, and the question of its lack of
maturity does not arise.   The right to the surplus was
properly enforceable in the court and in the action in
which the decree was rendered, and while it probably
in some cases might be made in a different manner than
was herein adopted, under the prevailing circumstances
the course of procedure was entirely proper.   The pro-
ceeds of the sale had been ordered into court and the
order had been obeyed, and the court had made no dis-
position of the surplus, and it was presumably yet in
the hands of the court or its proper officer awaiting a
further order.   It had in fact been paid to the grantee

of the mortgagor, or the plaintiff in error, and the order in this proceeding was to the clerk of the court to pay it to the second mortgagee. With this portion of the matter we need not deal, as the clerk is not here with any complaint, and the plaintiff in error but complains and can but object to the adjudication of the trial court to the extent it purported to affect his rights. The decree or order of the district court is

AFFIRMED.