## Martínez v. Pagán López & Co.

Apelación procedente de la Corte de Distrito de Mayagüez.

Moción para la decisión de las costas.

No. 615.—Resuelto en mayo 19, 1911.

Costas—Interpretación de las Leyes de Costas.—El derecho a las costas se considera como totalmente de origen estatutorio. Para poder reclamar costas en procedimientos legales, debe existir una ley en que basar la reclamación. Las disposiciones legales sobre costas deben interpretarse restrictivamente.

Costas y Honorarios en el Tribunal Supremo.—No existe ninguna ley vigente en Puerto Rico que expresamente prescriba que puedan recobrarse las costas, incluyendo honorarios de abogados, causadas en las apelaciones que se tramiten en la Corte Suprema de esta Isla.

Costas y Honorarios en las Cortes de Distrito y Municipales.—Pero de acuerdo con la ley vigente, la Corte Suprema al resolver el recurso tiene la facultad de imponer las costas, incluyendo honorarios de abogados si la materia litigiosa excede de $500, causadas en la tramitación del pleito en la corte de distrito y municipal en su caso.

Los hechos están expresados en la opinión.

Abogados de la parte promovente: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

Abogado de la parte contraria: *Sr. Pascasio Fajardo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Dictada sentencia por esta Corte Suprema en este caso, el demandante y apelante presentó una moción sobre tasación de costas acompañada de una "minuta de honorarios devengados por los abogados defensores del demandante en la Corte Suprema de San Juan y otros gastos."

Al resolver el recurso interpuesto, esta Corte Suprema, de acuerdo con la ley, procedió a dictar la sentencia que a su juicio debió haber dictado la corte inferior, e impuso a la demandada y apelada las costas de primera instancia. Siendo esto así, es bien claro que los honorarios de los abogados defensores del apelante por servicios prestados en esta Corte Suprema, no pueden incluirse en las costas impuestas, y que, en tal virtud, la moción del demandante y apelante debe declararse sin lugar.

Ya en el caso de *Vázquez* v. *Vázquez,* decidido por esta Corte Suprema el 20 de mayo de 1909, este tribunal se expresó con respecto a esta cuestión en los siguientes términos: "Y la partida de honorarios por servicios prestados en este tribunal, debe ser negada por la razón adicional de que no había autoridad para imponerla. Nadie excepto este tribunal, tiene tal derecho, y solamente podría tenerlo en virtud de una disposición legal directa. Parece que por el artículo 8 del Código de Enjuiciamiento Civil, se establece el principio contrario cuando dicho artículo prohibe al Tribunal Supremo, imponer, mediante su reglamento, contribución o gravamen alguno sobre ningún procedimiento legal. Debe revocarse la orden y devolverse la causa, con instrucciones de negar la relación de costas."

"El derecho a las costas se considera como totalmente de origen estatutorio. (*Supervisors, etc.,* v. *Briggs,* 3 Denio, 173; *State* v. *Kinns,* 41 N. H., 238.) Para poder recobrar costas en procedimientos legales, la parte que las reclama debe mostrar una ley en su favor. (*Stoddard* v. *Clarke,* 9 Abb. Pr. N. S., 310; *Kilburn* v. *Lowe,* 37 Hun. 237, 240; *Dow*

v. *Updike,* 11 Neb. 95, 98; *Jeffrey* v. *Hursh,* 58 Mich., 246, 258.)
Las cuestiones que afectan el cobro de costas surgen princi-
palmente bajo las disposiciones legales que existen con refe·
·rencia á las mismas. (Véase *Fisher* v. *Hunter,* 15 How Pr.,
156; *Burnet* v. *Westfall,* 15 Id., 420; *Scudder* v. *Gori,* 28 Id.,
155; S. C., 18 Abb. Pr. 207.) Y tales disposiciones legales,
deben ser interpretadas estrictamente. (*Shed* v. *Railroad·
Co.,* 67 Mo., 687; *Crofut* v. *Brandt,* 58 N. Y., 108; *Stanton
County* v. *Madison County,* 10 Neb., 308.)''

88 Am. Dec., 181.

No existe ninguna ley vigente en Puerto Rico que expre-
samente decrete que pueden recobrarse las costas, incluyendo
honorarios de abogados, causadas en las apelaciones trami-
tadas en y resueltas por esta Corte Suprema.

Cuando comenzó a regir en Puerto Rico el Código de En-
juiciamiento Civil vigente, la cuantía y forma de pago de
los honorarios de los abogados, se dejó al convenio expreso
o tácito de las partes, teniendo éstas derecho a las costas y
desembolsos, según lo dispuesto en el mismo Código.

Luego, en 1908, se modificó tal disposición y se decretó
que en todos los casos en que en un pleito o procedimiento se
concedan las costas a una parte, si la materia litigiosa excede
de quinientos dollars, tendrá ésta el derecho de que se le
abone por la parte condenada el importe de los honorarios
que haya devengado el abogado de la primera por sus servi-
cios. Pero esta modificación se refiere, en opinión de esta
Corte Suprema, sólo a los pleitos y procedimientos trami-
tados en y resueltos por las cortes de jurisdicción original.

Es cierto que esta Corte Suprema puede imponer costas,
debiendo entenderse incluídos en ellas los honorarios de los
abogados, de acuerdo con la ley vigente, pero tales costas son
únicamente las causadas en la Corte de Distrito y Municipal
en su caso, como así se desprende del artículo 340 del Código
de Enjuiciamiento Civil, que marca con toda precisión el pro-

cedimiento que debe seguirse para hacer efectivas las dichas costas impuestas por esta Corte Suprema.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.