MANUEL GONZÁLEZ MARTÍNEZ, demandante y apelante, *v.* CARMELA MARVEL, demandada y apelada.

Núm. 8286.—*Sometido:* Junio 4, 1941. *Resuelto:* Junio 11, 1941.

*Fernando Beiró Rovira,* abogado del apelante; *José C. Aponte* y *Ubaldo Aponte,* abogados de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El presente recurso ha sido interpuesto por el demandante y apelante contra la resolución dictada por la Corte de Distrito de Guayama en 25 de septiembre de 1940, aprobando el memorándum de costas formulado por la demandada.

Los antecedentes del caso son los siguientes:

Don Manuel González Martínez demandó a Carmela Marvel, en desahucio, y obtuvo sentencia a su favor, con las costas a la demandada, sin incluir honorarios de abogado. Dicha sentencia fué revocada por la de esta Corte Suprema, dictada en abril 4, 1940 (56 D.P.R. 466). Por los términos de dicha sentencia se declaró sin lugar la demanda, con las costas, sin incluir honorarios de abogado. El mandato fué expedido en mayo 24, 1940, y recibido en la corte inferior al día siguiente. El día 15 de abril, 1940, la demandada radicó ante la corte inferior un memorándum de costas y desembolsos. En mayo 29 la corte señaló el día 7 de junio para la vista del memorándum. El demandante se opuso a la aprobación del memorándum, alegando que éste había sido radicado prematuramente, o sea antes de empezar a correr el término de treinta días siguientes al 25 de mayo de 1940 —fecha de radicación del mandato—a tenor de lo dispuesto en el artículo 340 del Código de Enjuiciamiento Civil. Sostuvo la demandada que el memorándum había sido radicado oportunamente, o sea dentro de los diez días siguientes a la fecha en que le fué notificada la sentencia de esta Corte Suprema, de acuerdo con lo dispuesto en el artículo 339 del mismo Código de Enjuiciamiento Civil.

El apelante en el presente recurso señala como único error de la corte inferior el haberse negado a eliminar el memorándum de costas.

La cuestión envuelta en el presente recurso ha sido sometida a la consideración de este tribunal en distintas ocasiones. Véase el resumen que de la jurisprudencia sobre la materia

se hace en *United P. R. Sugar Co.* v. *Sucesión Sánchez,* 54 D.P.R. 174.

■ Estamos de acuerdo con la corte inferior en que el procedimiento que debe seguirse para el cobro de costas concedidas por esta Corte Suprema, es el que marca el artículo 340 del Código de Enjuiciamiento Civil, que lee así:

"Artículo 340.—Siempre que una corte de apelación concediere costas a una parte, será deber de dicha parte entregar al secretario de la corte inferior, dentro de treinta días después de la devolución de los autos a dicho secretario, un memorándum de sus costas justificado según se dispone en el precedente artículo, pudiendo después librarse orden de ejecución por dichas costas en la misma forma que por una sentencia."

Véase: *Martínez* v. *Pagán López & Co.,* 17 D.P.R. 613, 615.

Convenimos igualmente con la corte inferior en que las disposiciones del artículo 339 del mismo código son aplicables solamente al cobro de costas impuestas por la corte de distrito al resolver un caso en primera instancia y no a casos como el de autos en que se trata del cobro de costas concedidas por un tribunal de apelaciones.

■■ Es evidente que la radicación en abril 15 de 1940 de un memorándum de costas que de acuerdo con el artículo 340 del Código de Enjuiciamiento Civil debió radicarse dentro de los treinta días siguientes al 25 de mayo de ese mismo año, fué hecha prematuramente. ¿Estaba obligada la corte inferior a decretar su eliminación por el solo fundamento de haber sido radicado prematuramente? Ésa es la cuestión que debemos resolver.

La corte inferior, al negarse a eliminar el memorándum de costas, basó su resolución en la doctrina sentada por esta Corte Suprema en *United P. R. Sugar Co.* v. *Sucn. Sánchez,* supra, a saber:

"La fecha importante, a nuestro juicio, es aquella en que ha de expirar el período estatutario y no la fecha en que empieza a correr. Con anterioridad a la enmienda de 1917, por lo menos, la idea primor-

dial en la mente de la Asamblea Legislativa fué que, como regla general, la radicación de un memorándum de costas no debe permitirse una vez transcurrido el lapso de tiempo especificado. Si, según se indica en el caso de *Vicente* v. *Malavé,* supra, el prorrogar cualquier término dentro del cual puede radicarse un memorándum de costas es cuestión que cae dentro de la sana discreción de la corte, entonces, a *fortiori,* parecería que la corte debe tener una discreción igualmente amplia, o aun más amplia, al ser llamada a ejercitarla, para exonerar a una parte en un caso adecuado, de aquello que, al no procederse así, podría ser el resultado de una radicación prematura.''

Y aplicando dicha doctrina al caso de autos, la corte inferior se expresó así:

''. . . De modo que si bien es cierto que dicho memorándum se radicó prematuramente, no es menos cierto que fué visto y discutido dentro del período de treinta días que fija el artículo 340. Entendemos, al igual que la Corte Suprema, que la fecha importante es la de expiración del período estatutario y no la fecha en que empieza a correr y asimismo que de declarar con lugar la moción de eliminación del memorándum de costas estaríamos privando a la demandada de las costas que le concediera la Corte Suprema e incurriendo por consiguiente en una injusticia. Creemos finalmente que la radicación prematura del referido memorándum no causó perjuicio alguno al demandante, ya·que el mismo fué visto después de ser firme la sentencia de la Corte Suprema de Puerto Rico y después de haberse recibido en esta corte el mandato (*remittitur*) de dicho tribunal.

''Todas estas circunstancias justifican el ejercicio de nuestra discreción en el sentido de declarar sin lugar la moción de eliminación del demandante a que nos hemos venido refiriendo y entrar a considerar el memorándum en su fondo y así lo resolvemos.''

Trata la parte apelante de establecer una distinción entre el citado caso de la *United P. R. Sugar Co.* y el de autos, llamando nuestra atención hacia el hecho de que si bien es cierto que en aquel caso el memorándum fué radicado prematuramente, también lo es que posteriormente y antes de que expirara el término estatutario, los demandados radicaron un memorándum enmendado, cosa que no se ha hecho en el presente caso. La distinción, aun cuando existe, carece

a nuestro juicio de importancia. En el presente caso, aun cuando el memorándum fué radicado prematuramente, las partes fueron oídas dentro del término legal. La corte inferior en uso de su discreción se negó a eliminar el memorándum y permitió que éste quedase en pie para ser discutido y aprobado como si hubiese sido radicado dentro del término que aún no había expirado. Obligar a la demandada a radicar de nuevo el mismo memorándum que ya tenía la corte ante sí, hubiera sido una formalidad hueca e innecesaria. *La resolución de la corte en nada perjudicó los derechos del demandante y habiendo sido dictada en el ejercicio de una sana discreción judicial, debe ser confirmada.*