ASOCIACIÓN PRO MEJORAMIENTO Y PROTECCIÓN DEL AMBIENTE, INC., demandante y recurrida, *v.* U. S. I. PROPERTIES CORP., ETC., demandados, y peticionaria la primera.

Número: O-83-715        Resuelto: 5 de marzo de 1984

*Alexis D. Mattei*, de *Ledesma, Palou & Miranda*, abogado de la peticionaria; *Ana Rosa Biascoechea*, abogada de la recurrida; *Enrique Bray*, abogado de la Corporación Azucarera.

SENTENCIA

El 2 de octubre de 1982 el tribunal de instancia en corte abierta hizo las siguientes expresiones contenidas en minuta:

rable para el acusado de un veredicto absolutorio. Véase *Carlo* v. *Srio. de Justicia*, 107 D.P.R. 356 (1978).

> No habiendo la parte demandante presentado la prueba exigida por el tribunal, el tribunal dicta sentencia, desestimando [*sic*] el Entredicho Provisional, el Mandamus y el Estorbo Público, declarando [*sic*] sin lugar la demanda en este caso.
>
> Una vez se notifique la sentencia, la parte demandada radicará el correspondiente memorándum de costas.
>
> El tribunal dictará sentencia dentro de los próximos diez días.

A tenor con estos pronunciamientos la demandada recurrente presentó memorando de costas el 16 de octubre de 1980. La sentencia se dictó el 20 de octubre de 1980 y se notificó y archivó en autos el 22 de octubre de 1980. La parte recurrida solicitó la desestimación del memorando de costas por haberse presentado prematuramente. Así lo dispuso el tribunal el 28 de septiembre siguiente.

El 23 de noviembre de 1983 dictamos la siguiente orden:

> Se concede a la parte recurrida un término de 15 días a partir de la notificación de esta Resolución para mostrar causa por la cual no deba expedirse el auto solicitado y una vez expedido dejar sin efecto la Resolución recurrida visto lo resuelto en *González Martínez* v. *Marvel*, 58 D.P.R. 855 (1941).

La Regla 44.1(b) de las de Procedimiento Civil dispone que el memorando de costas será presentado al tribunal y notificado a las partes dentro del término de 10 días contados a partir del archivo en autos de copia de la notificación de la sentencia. En *González* v. *Marvel*, 58 D.P.R. 855 (1941), al aplicar una disposición estatutaria similar, Art. 340 del Código de Enjuiciamiento Civil, resolvimos que el tribunal tenía discreción para aprobar un memorando de costas radicado prematuramente.

La recurrida alega en su escrito que el tribunal inferior acertó en el ejercicio de su discreción y que tal valoración no debe ser revocada. No estamos de acuerdo. Bajo los hechos de este caso el tribunal ejercitó irrazonablemente su discreción. La recurrente prevaleció en el caso y era propio y justo que se le repusieran los gastos necesarios incurridos en

la tramitación del litigio. Presentó el memorando de costas una vez conoció el resultado final del litigio y cuando esperaba que el 12 de octubre de 1980 se dictara sentencia. La parte recurrida no sufrió perjuicio alguno, por el contrario, tuvo más tiempo para analizar las partidas de gastos incluidas en el memorando. El tribunal tampoco sufrió perjuicios.

Procede expedir el auto y dejar sin efecto la determinación del tribunal de instancia. La parte recurrida tendrá oportunidad de impugnar si fuere procedente el memorando de costas radicado y el tribunal resolverá de acuerdo a derecho.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Asociado Señor Negrón García emitió opinión disidente.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Opinión disidente del Juez Asociado Señor Negrón García.

I

El memorando de costas presentado prematuramente carece de validez bajo la actual Regla 44.1(b) de Procedimiento Civil. El caso de *González* v. *Marvel*, 58 D.P.R. 855 (1941), no tiene valor de precedente, como tampoco rige la situación de autos. Allí, el memorando fue radicado después de la parte haber obtenido a su favor una sentencia dictada y notificada por la Corte Suprema. La inmadurez procesal surgió antes de que se remitiera al foro de instancia el mandato. A poco se examine, se percibirá que el enfoque jurídico a la sazón brindado, estaba fundado en la visión de que los tribunales tenían discreción para aceptar o rechazar tales memorandos. A esos efectos allí se reproduce la doctrina sentada en *United P.R. Sugar Co.* v. *Sucn. Sánchez*, 54 D.P.R. 174, 180 (1939), y se reitera el siguiente lenguaje:

Si, según se indica en el caso de *Vicente* v. *Malavé*, supra, el prorrogar cualquier término dentro del cual puede radicarse un memorándum de costas es cuestión que cae dentro de la sana discreción de la corte, entonces, *a fortiori*, parecería que la corte debe tener una discreción igualmente amplia, o a[u]n más amplia, al ser llamada a ejercitarla, para exonerar a una parte en un caso adecuado, de aquello que, al no procederse así, podría ser el resultado de una radicación prematura.

Al presente, la trayectoria jurisprudencial es distinta. Razones inspiradas en una sana política administrativa judicial han movido a este foro apelativo a aplicar con cierta rigurosidad los términos de las reglas forenses. Hoy se exige particular atención y cuidado de los funcionarios judiciales y abogados en cuanto al trámite del acto formal de archivo en autos de la copia de la notificación de la sentencia. *Sánchez* v. *Municipio de Cayey*, 94 D.P.R. 92, 99 (1967). También respecto a la juramentación del memorando de costas. Así, en *Piñero* v. *Martínez Santiago*, 104 D.P.R. 587 (1976) desestimamos un memorando que no había sido debidamente juramentado y reiteramos que el término de diez días para presentarlo era *fatal*. Además, rechazamos la tesis de permitir su juramentación, transcurrido ese término, atribuyéndole efectos *nunc pro tunc*.

## II

En estricta lógica, la sentencia dictada es contraria al mandato y espíritu de la Regla 68.2 de Procedimiento Civil. Este precepto expresamente impide que el término para presentar un memorando sea prorrogado o reducido. Aquí se amplía el término para beneficio de un litigante precoz, sin que hubiese surgido la jurisdicción del tribunal a quo.

Finalmente, la decisión prescinde del texto de la propia sentencia del 2 de octubre de 1982, que sobre el particular aclaró: "Una vez se notifique la sentencia, la parte demandada radicará el correspondiente memorando de costas."