Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| PEDRO R. LEBRÓN VARGAS<br>Peticionario<br><br>v.<br><br>JOAN PÉREZ MARTÍNEZ<br>Recurrida | KLCE202301265 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2021RF00023<br><br>Sobre: Divorcio–Ruptura Irreparable |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece el señor Pedro Raúl Lebrón Vargas (señor Lebrón Vargas o peticionario), mediante recurso de *certiorari,* solicitándonos la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 21 de agosto de 2023. Mediante dicho dictamen, el foro primario le ordenó al peticionario el pago de $139.00 por concepto de costas y $1,000.00 por honorarios de abogados incurridos en el proceso apelativo, a favor de la señora Joan Pérez Martínez (señora Pérez Martínez o recurrida).

Tras evaluar el asunto ante nuestra consideración, hemos decidido denegar la expedición del recurso de *certiorari.*

**I. Resumen del tracto procesal**

El 19 de enero de 2021, el señor Lebrón Vargas presentó una *Demanda de Divorcio por ruptura irreparable, solicitud de custodia y patria potestad compartida* contra la señora Pérez Martínez. Surge de la *Demanda* que el peticionario solicitó que se hiciera un referido a la

Examinadora de Pensiones Alimentarias (EPA) para que se estableciera la pensión alimentaria en beneficio de su hija menor de edad.

En respuesta, el 16 de marzo de 2021, la señora Pérez Martínez presentó *Contestación a la Demanda.*[1]

Posteriormente, el 13 de abril de 2021, en atención a la solicitud del peticionario, se celebró una vista ante la EPA. Consta en el *Acta* de la referida vista que la EPA consideró y recomendó al TPI aprobar la estipulación de pensión alimentaria provisional que las partes presentaron ante su consideración.[2]

En consonancia, el 4 de mayo de 2021, el foro primario acogió la recomendación de la EPA, aprobando la estipulación sobre pensión alimentaria provisional presentada por las partes.[3]

Así las cosas, y luego de varios trámites procesales, el 13 de octubre de 2022, se celebró otra vista ante la EPA, para establecer la pensión alimentaria final a ser pagada por el señor Lebrón Vargas. Surge del *Acta de la Examinadora de Pensiones,*[4] que las partes solicitaron que se convirtiera la pensión provisional en una final. En consecuencia, la EPA recomendó al TPI la aprobación de la referida solicitud. Además, la representante legal de la recurrida informó que presentaría una moción solicitando los honorarios de abogados.

A raíz de lo anterior, el 14 de noviembre de 2022, el tribunal primario emitió *Determinación sobre pensión alimentaria,* acogiendo la propuesta de la EPA para convertir la estipulación sobre pensión alimentaria provisional en final.[5]

Entonces, el 16 de noviembre de 2022, la recurrida presentó *Moción solicitando fijación de honorarios profesionales para el reembolso*

---

[1] Entrada número 20 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada número 55 de SUMAC. Notificada el 4 de mayo de 2021.
[3] Entrada número 56 de SUMAC. Notificada el 5 de mayo de 2021.
[4] Notificada el 4 de noviembre de 2022.
[5] Notificada el 15 de noviembre de 2022.

*de gastos.* Según lo había advertido ante la EPA, la señora Pérez Martínez solicitó al foro primario que impusiera al peticionario pagar $1,500.00 por concepto de honorarios de abogado.

Como consecuencia, el 17 de noviembre de 2022,[6] el tribunal *a quo* emitió una *Orden* concediendo los honorarios de abogados a favor de la recurrida, según solicitados.

Insatisfecho, el señor Lebrón Vargas presentó una *Moción urgente en solicitud de reconsideración*, que fue declarada No Ha Lugar el 24 de enero de 2023.

Aún inconforme, el 16 de febrero de 2023, el peticionario recurrió de la referida determinación ante este Foro Apelativo en el recurso de *certiorari* identificado como KLCE202300148.

El 26 de mayo de 2023,[7] este Tribunal emitió una *Resolución* denegando la expedición del recurso de *certiorari* presentado por el peticionario.

Como secuela, el 3 de junio de 2023, el peticionario presentó ante el TPI *Moción en cumplimiento de orden sobre pago de honorarios de abogado*, en donde presentó evidencia del pago de los honorarios de abogados a la señora Pérez Martínez.

Así las cosas, el 12 de junio de 2023, la recurrida presentó ante el TPI *Moción solicitando costas y honorarios de abogado.* En específico, la señora Pérez Martínez solicitó el pago de $139.92 en concepto de costas, y la suma de $1,900.00 por honorarios de abogado incurridos en el proceso apelativo.

Ese mismo día, el peticionario presentó *Réplica urgente en oposición a solicitud de costas y honorarios por la fase apelativa.* En lo pertinente, sostuvo que la recurrida tenía que hacer la solicitud de costas y honorarios ante el foro apelativo. Asimismo, manifestó que la petición

---

[6] Notificada el 18 de noviembre de 2022.
[7] Notificada el 30 de mayo de 2023.

ante el TPI era prematura, toda vez que el foro primario no había recibido el mandato del Tribunal de Apelaciones. Por último, el señor Lebrón Vargas esgrimió que el Foro Apelativo no hizo ninguna determinación sobre temeridad. Añadió, que la controversia era legítima y que en ningún momento se hizo para obligar a la recurrida a asumir gastos de un litigio innecesario por lo que no procedían los honorarios.

El 24 de julio de 2023,[8] el TPI emitió una *Orden* indicando lo siguiente: "Este Tribunal a[ú]n no ha recibido el mandato del Tribunal de Apelaciones. Por lo que no dispondr[á] de lo solicitado por la parte demandante en este momento".[9]

Luego, el 26 de julio de 2023, la recurrida presentó *Moción en torno a orden y reiterando solicitud de orden previa.* Esgrimió que el TPI era el único foro con jurisdicción, y que nunca la perdió, debido a que un recurso de *certiorari* no paraliza los procesos ante el foro recurrido, excepto que así los disponga el Tribunal de Apelaciones. Por cuanto el Tribunal de Apelaciones no ordenó la paralización de los procesos ante el TPI mientras consideraba el recurso de *certiorari,* el foro primario conservó su jurisdicción.

Habiendo considerado lo anterior, el 21 de agosto de 2023, el foro primario le ordenó al peticionario el pago de $130.00 de costas y $1,000.00 de honorarios de abogados por el proceso apelativo.

En vista de esta última determinación, el 5 de septiembre de 2023, el señor Lebrón Vargas presentó *Moción urgente en solicitud de reconsideración en cuanto a concesión de costas y honorarios de abogado en fase apelativa.*

Por su parte, el 17 de octubre de 2023, la señora Pérez Martínez instó *Oposición a Solicitud de Reconsideración.*

---

[8] Notificada el 26 de julio de 2023.
[9] Entrada número 146 de SUMAC.

En la misma fecha de presentado el escrito en oposición a reconsideración aludido, el TPI emitió una *Orden*[10] declarando *No Ha Lugar* la solicitud de reconsideración presentada por el peticionario.

En desacuerdo, el señor Vargas Lebrón presentó el recurso de *certiorari* que está ante nuestra consideración, imputándole al TPI la comisión del siguiente error:

> ERRÓ EL TPI CONCEDER COSTAS Y HONORARIOS A LA RECURRIDA POR EL PROCESO APELATIVO EN EL CASO KLCE202300148 A PESAR DE QUE: (1) NO EXISTE DETERMINACIÓN DE QUE EL PETICIONARIO HAYA SIDO TEMERARIO PARA QUE PROCEDA CONCEDER HONORARIOS; (2) LA RECURRIDA NUNCA ACREDITÓ LOS HONORARIOS EN LOS QUE ALEGADAMENTE INCURRIÓ; Y (3) LAS COSTAS Y HONORARIOS SE SOLICITARON Y CONCEDIERON POR EL TPI DE FORMA PREMATURA DADO A QUE LA REGLA 44.1 DE PROCEDIMIENTO CIVIL EXIGE QUE EL MEMORANDO CORRESPONDIENTE SE PRESENTE DENTRO DEL TÉRMINO JURISDICCIONAL DE 10 DÍAS CONTADOS A PARTIR DE LA DEVOLUCIÓN DEL MANDATO Y NO ANTES, INDISTINTAMENTE DE QUE EL TPI HAYA PERDIDO O NO LA JURISDICCIÓN ANTE LA RADICACIÓN DE UN RECURSO APELATIVO.

Sin el beneficio de la comparecencia de la recurrida, procedemos con la disposición del presente recurso.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la

---

[10] Notificada el 18 de octubre de 2023.

discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento,[11] 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con

---

[11]    A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró, supra.*

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).

### III. Aplicación del Derecho a los hechos

Según adelantamos en el tracto procesal, el peticionario aduce que incidió el foro *a quo* al conceder las costas y honorarios de abogados incurridos en el proceso apelativo a favor de la señora Pérez Martínez. En esencia, asevera que la *Resolución* recurrida resulta contraria a derecho, debido a que: (1) no existe determinación de que el peticionario haya sido temerario; (2) la recurrida no acreditó los honorarios en los que alegadamente incurrió, (3) las costas y honorarios se concedieron de forma prematura dado que la Regla 44.1 de Procedimiento Civil, 32 LPRA AP. V, R. 44.1, exige que el memorando correspondiente se presente dentro del término jurisdiccional de 10 días contados a partir de la devolución del mandato y no antes.

Aunque el señor Lebrón Vargas alega que incidió el foro primario al imponerle honorarios de abogados, cuando no existe determinación

---

B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

alguna sobre temeridad por el Tribunal de Apelaciones, ni por el TPI, lo cierto es que la *Ley Orgánica de la Administración para el Sustento de Menores,* Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501 *et seq.* (Ley de ASUME)*,* no requiere temeridad para conceder los honorarios de abogados. En particular, el Artículo 22 de la Ley de ASUME, 8 LPRA sec. 521, dispone que, "en **cualquier procedimiento bajo esta Ley** para la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, **el tribunal o el Juez Administrativo deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca**". (Énfasis provisto).

Ciertamente, el recurso de *certiorari* identificado como KLCE202300148 fue denegado por este foro intermedio por cuanto no apreciamos que acontecieran las circunstancias que justificaran nuestra intervención. Como resultado de nuestra denegatoria a expedir el referido recurso de *certiorari,* la determinación del foro recurrido respecto a los honorarios de abogados incurridos en el proceso ante el TPI se mantuvo, prevaleciendo la recurrida. Además, resaltamos que el caso de epígrafe versa sobre la fijación de una pensión alimentaria conforme la Ley de ASUME, de esta manera no se requiere determinación sobre temeridad para la imposición de honorarios de abogado. Por consiguiente, procedía la imposición de honorarios de abogados, puesto que la recurrida fue quien prevaleció en la etapa apelativa y, reiteramos, los procedimientos que se siguen al amparo de la Ley de ASUME no requieren determinación sobre temeridad.

Por otro lado, el peticionario argumenta que las costas y honorarios se concedieron de forma prematura, debido a que el memorando donde se peticionan se tenía que presentar dentro del

término de 10 días jurisdiccionales a partir de la devolución del mandato y no antes de ese tiempo.

En cuanto a ello, cabe precisar que este Tribunal Apelativo ejerció su facultad discrecional y denegó la expedición del recurso de *certiorari* identificado con el alfanumérico KLCE202300148. Recordemos que, distinto a un recurso de *apelación,* el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Negrón v. Srio de Justicia,* 154 DPR 79, 91 (2001). La Regla 52.3(b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3(b), así como la Regla 35 de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 35, establecen que la presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el tribunal recurrido, salvo orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte. Por lo tanto, al no expedir el auto solicitado, este Foro no asumió jurisdicción sobre el asunto y su denegatoria nada dispuso en cuanto a los méritos de lo planteado. *Negrón v. Srio de Justicia,* supra en la pág. 93. De esto se sigue que el foro primario no tenía que esperar el mandato del Tribunal de Apelaciones para actuar, puesto que conservó su jurisdicción sobre los asuntos ante su consideración. En cualquier caso, el hecho de que el memorando de costas se hubiese presentado antes de tiempo, tampoco es óbice para desestimarlo *a priori. Asoc. Pro M.P.A. v. U.S.I.,* 115 DPR 137 (1984) (Sentencia); J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1.ª ed. rev., Colombia, 2012, pág. 277.

Cabe resaltar, que la Regla 44.1 de Procedimiento Civil, *supra,* indica que las costas serán concedidas a la parte cuyo favor se resuelve el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se disponga lo contrario por ley o por las Reglas de Procedimiento Civil. En este caso, la recurrida fue quien prevaleció y no surge ninguna excepción en ley que lo exima de pagar las costas.

Visto lo anterior, según señalamos en la *Exposición de Derecho*, para acceder a una solicitud de expedición del recurso extraordinario de *certiorari*, se requiere que auscultemos si la situación planteada se ajusta a una de las enmarcadas dentro de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra,* que justifique nuestra intervención. Sin embargo, de un examen de dichos criterios no apreciamos o advertimos las circunstancias que pudieran permitir nuestra intervención en este caso. Según ya se dijo, nuestra intervención con las determinaciones interlocutorias acontecerá allí cuando apreciemos que ha mediado prejuicio, pasión, parcialidad o error manifiesto del foro recurrido al dictarla. Nada hay en la situación que nos plantea el señor Lebrón Vargas que nos mueva a variar el curso decisorio seguido por el TPI, o manifiesten el prejuicio, pasión, parcialidad o error manifiesto que justificarían nuestra intervención con el curso decisorio de dicho foro primario.

Ausentes los elementos que nos ubican en posición de intervenir con la determinación del foro primario cuya revocación se nos solicitó, sólo cabe denegar la expedición del recurso de *certiorari* solicitado.

**IV. Parte dispositiva**

En mérito de lo antes expuesto, denegamos la expedición del recurso presentado ante nuestra consideración.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones